UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Plaintiff:

Yong Chul Son, Pro Se

# 23 CV 9541

Vs.

CRIMINAL ACTION

**COMPLAINT**

Defendant(s):

(JURY TRIAL)

City of Philadelphia, PA

SEPTA Transportation Authority, PA

Gary Brownstein, Esq. NJ

Court of Common Pleas Montgomery County, PA

## I.  Parties in this Complaint.

Plaintiff:    Yong Chul Son
              14465 Barclay Ave, 3rd FL, Flushing, New York 11355-1543

Defendant No.1:    City of Philadelphia          Officer Priscilla Andrews Badge #2987
                   Baily Elizabeth Axe, Esq.     Accident Investigation Division
                   City of Philadelphia Law Dept. Memorial Hall
                   1515 Arch Street 14th FL      41st Street & North Concourse Drive
                   Philadelphia, PA 19102        Philadelphia, PA 19131

Defendant No. 2:    Southeastern Pennsylvania Transportation Authority
                    1)  Joshua D. Groff, Esq.
                    215 S. Broad Street, Ste. 500, Philadelphia, PA 19107
                    2)  Meghan Shannon, Esq.
                    1801 Market Street, Ste. 2300, Philadelphia, PA 19103

Defendant No. 3:    Gary Brownstein, Esq.
                    Brownstein, Vitale & Weiss
                    601 Longwood Ave at State Highway 38, Cherry Hill, NJ 08002

Defendant No. 4:     Court of Common Pleas of Montgomery County, PA
                     Robert J. Krandel, Legal Counsel Supreme Court of PA
                     1515 Market Street, Ste. 1414, Philadelphia, PA 19102

Plaintiff's Criminal Action Complaint filing fee $405.00 against the above Defendants and United States District Court Southern District of New York commence a Lawsuit at New York Pro Se intake unit of clerk's office, 500 Pearl Street, New York, NY 10007.

## II. Basis for Jurisdiction

1) Federal Court Pro Se, 28 u.s.c. § 1654
2) Federal Question Jurisdiction, 28 u.s.c. § 1331
3) Federal Civil rights statute, 42 u.s.c. § 1983
4) Federal Diversity Jurisdiction, 28 u.s.c. § 1332
There must be complete diversity of citizenship of All plaintiffs and All defendants, and there must be more than $75,000 in dispute.

## III. Statement of Claim

Plaintiff, Yong Chul Son, Administrator (Exhibit "A").

The inspiration of Myung Sun Son's Sudden and Wrongful Death.

  1) City of Philadelphia

On 02/04/1987, approximately at 4:00 p.m., a female neighbor informed me that my mother was underneath the Bus. I rushed to the scene of an accident, Southbound One Way Street (2210 S. 8th St.) which was one block away towards Westbound from my home (2124 S. 7th St.). Each side of the road was filled with parked cars so that it is very tight for the Bus to pass by and it was very slippery due to freezing rain and snow a night before. She slipped and fell right after getting off the bus and then the bus took off. She was killed instantly. I went to the Autopsy of Rest at 30th St., Philadelphia, and I

 was shown her belongings. I know she always takes some cash for spending money, 14k gold rings and 14k gold necklace when she leaves home. But there were none other than her bloody ripped clothing and her purse. Philadelphia City must disclose and clarify where the responsibility lies.

2) SEPTA Transportation

When I arrived at the scene, 2110 South 8th St., I saw someone head downward and approximately 2-3 feet away from right rear tire of the bus. I saw the clothing person was wearing and was able to confirm the person was my mother. My mother must've been dragged some time because more than half of her skull was dented. It was tragic scene. I saw handcuffed bus driver getting off the bus and getting inside the patrol vehicle while I was taking pictures of the scene. I asked the police officer the reason for that. Police officer said the bus driver was being arrested for taking drugs. The young lady at the time happened to be my neighbor also, said to me she saw the driver shutting rear exit and taking off immediately my mother's foot touched the ground (it was far from a sidewalk according to her). Because my mother was not off the bus completely, her foot/ leg got caught in the rear tire of the bus and her body was dragged for some time. When she saw my mother being dragged, she ran and had the driver STOP the bus. She then came home to tell me – when the passenger (my mother) was still trying to get off the bus or not completely off the bus just yet. SEPTA Transportation must acknowledge that they hired a drug-using driver to cause this murder and compensate the loss and regain honor of the dead.

3) Jack M. Bernard, Esq.

Plaintiff spoke with a Counselor, Jack M. Bernard near Philadelphia City Hall in 1987. Mr. Bernard said there is absolutely no problem receiving compensation because SEPTA Transportation has a Million Dollar Commercial Auto Liberty Insurance. So Plaintiff made an oral contract with Mr. Bernard. In February 1989, Mr. Bernard made a withdrawal of the case due to Statute was barred for this Criminal Case. Thus Mr. Bernard must acknowledge that he had an intention to withdraw and must take responsibility for his action.

4) Gary Brownstein, Esq.

1991 and 1992 for 2 years, Plaintiff hired Albert A. Degennaro, Esq., Edward J. Hughes, Esq., and David H. Oh, Esq. as Legal Spokesman for the mother's SEPTA Transportation Wrongful Death Case. For unknown reason, they withdrew their duty.

September 1992, Plaintiff met Gary Brownstein at his office, 1308 Spruce St., Philadelphia,

and paid fee $ 2,000.00 for Civil Case Retainer. He said the retainer fee contains 50% for lawyer himself and legal service fee. Plaintiff handed to Mr. Brownstein 10 photos of the scene. (Exhibit "B").  In 1995, there was no selection of witness and site discovery from Motion for Deposition, and Affidavit of Service of photos; there were absolutely no deliveries of documents or legal proceedings for 10 years. (Exhibit "C1, C2")

July 2002, Young K. Park, Esq. (Exhibit "D") sent a letter to request 'Release all of documents to Mr. Yong Chul Son' to Gary Brownstein, Esq. Then all of a sudden, Gary Brownstein sends Plaintiff the Petition for approval of Wrongful Death and Survival Action (Exhibit "E.") and Power of Attorney (Exhibit "F") by Court of Common Pleas of Montgomery County dated 03/07/2003. After review, Plaintiff discovered five (5) findings that are not TRUE; (1) % of Retainer: Plaintiff did know the Agreement Retain in 1992 was 50%, (2) My initial: "Y.S". Never used middle name or letter "C" when writing initials, (3) Seal Date: April 1993. But Plaintiff never saw any documents even related to 'Power of Attorney', (4) Subscribe Seal: there is no date, and only Mr. Brownstein's signature, (5) My signature: None of them are mine. (Exhibit "G") Therefore, I cannot approve or accept the distribution of estate made to my siblings and decided to return the money $ 32,586.54 in full amount because 'Willful False' by Defendant Gary Brownstein, Esq. Plaintiff Administrator will comply within the Judgment trusting United States District Court, Eastern District of PA (Exhibit "H").

   5) Court of Common Pleas Montgomery County, PA

I petition to Court of Montgomery County, to please REVOKE the Petition for Approval of Wrongful Death and Survival Action Order of Court entered by Gary Brownstein, Esq. with his willful false Approval of Wrongful Death and Survival Action Order of Court entered by Gary Brownstein, Esq. with his willful false.

IV.   Statement of Facts

1. December 2008, Plaintiff went to Philadelphia Police Department 6th District for investigation and Lt. George Ondryka searched Fraud Report regarding the Power of Attorney Signatures. According to his research, Mr. Brownstein, as a lawyer, had already obtained Order of Judgment from the Court. Thus he directed to leave record as an incident or offense (Exhibit "I1, I2").

2. August 2011, Plaintiff filed a Complaint to the Disciplinary Board of the Supreme Court of Pennsylvania against Gary Brownstein, Esq. and received an 'Opinion' from Disciplinary Counsel, Donna M. Snyder (Exhibit "J1, J2, J3").

3. January 2013, Plaintiff filed a Complaint to the Bureau of Consumer Protection Office of Attorney General against Gary Brownstein, Esq. and received an 'Opinion' from Agent Supervisor, Janis Parrilla (Exhibit "K").

4. July 20, 2016, Plaintiff field a complaint to United States District Court Eastern District of Pennsylvania (Exhibit "L" 5 pages, 1-5).
5. December 5, 2016, Judge Mitchell S. Goldberg ordered that Defendant's Motion to dismiss is granted (Exhibit "M" 8 pages, 1-8).
6. March 8, 2017, An Amended basis for Jurisdiction the same category of complaint of United States District Court of Newark District of New Jersey (Exhibit "N" 7 pages, 1-7).
7. May 29, 2018, Judge Claire C. Cecchi ordered on filed (Exhibit "O" 3 pages, 1-3).
8. May 22, 2019, Entry of Appearance of Megan K. Shannon as co-counsel for Defendant, Southern Pennsylvania Transportation Authority (Exhibit "P" 2 pages, 1-2).
9. May 30, 2019, Judge Claire C. Cecchi opinioned on filed (Exhibit "Q" 6 pages, 1-6).
10. February 3, 2021, Plaintiff demands to Administrative Office United Sates Courts against opinion of the Complaint (Exhibit "R" 1 page, 1-1).
11. September 13, 2021, Plaintiff requested Motion for Reconsideration or Re-argument (Exhibit "S" 11 page, 1-11).
12. October 18, 2021, Robert J. Krandel legal counsel of the court complained should dismiss plaintiff's motion for reconsideration co-counsel for the Court of Common Pleas Montgomery County, PA (Exhibit "T" 2 pages, 1-2).
13. April 26, 2022, Denied order of Judge Claire C. Cecchi (Exhibit "U" 4 pages, 1-4).
14. May 23, 2022, Plaintiff's Motion for written deposition (Exhibit "V" 5 pages, 1-5).
15. June 8, 2022, Respectfully submitted Robert J. Krandel Defendant's consolidated response to deny plaintiff's motion for written deposition (Exhibit "W" 4 pages, 1-4).
16. February 2, 2023, Plaintiff requested for Interlocutory an Appeal (Exhibit "X" 7 pages, 1-7).
17. March 10, 2023, Defendant's counselor Gary Brownstein business address changed from PA to 601 Longwood Ave at State Highway 38, Cherry Hill, NJ 08002 (Exhibit "Y" 1 page, 1-1).

## V. Conclusion

Public servant, the Officer [Priscilla Andrews #2987] believes her civil rights have been violated by police or other law enforcement personnel such as Negligence Prosecution. In violation of the constitution, under the federal civil rights statute, 42 u.s.c. § 1983.

Plaintiff's mother's wrongful death bus accident should be amended to a criminal case to make an alteration on error of law and impose criminal liability.

The fact that officer Pricilla Andrews testified to Plaintiff 36 years ago that the business card had ample circumstantial evidence that the SEPTA bus driver had a deliberate accident as a drug offender.

Criminal action must be brought against SEPTA bus driver and he should be arrested for intentional accident.

**Whereas,** in order for Plaintiff to eagerly pursuit criminal liability and compensation from the U.S. District Court be granted because the prosecutor's native jurisdiction was deserted and proceeding the prosecution acknowledgement or not is clearly manifest injustice.

*Attachment [Affidavit]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 30, 2023

Signature _____
Yong Chul Son – Plaintiff

Mailing Address & Phone Number:
14465 Barclay Ave, 3rd FL
Flushing, New York 11355-1543
(718) 974-4658

6 of 6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


<u>Plaintiff,</u>

Yong Chul Son, Pro se

                                                    CRIMINAL ACTION

VS.


<u>Defendants,</u>

City of Philadelphia, PA                               **AFFIDAVIT**

(For Pamela E. Thurmond, Esq.)

SEPTA Transportation (For Joshua D. Groff, Esq.)

Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

(For Robert J. Krandel, Esq., Lydia Hilliard, Esq.)


Yong Chul Son, being full of age, deposes and says,

1.  I am the Plaintiff in the above matter.
2.  I then set forth sworn statements in number form.
    1)  Name Card for Philadelphia Police Officer Priscilla Andrews #2987 (Accident Investigation Division).
3.  And I hereby submit (1) Affidavit Statements.


I swear under oath that the above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment.




I declare under penalty of perjury that the foregoing is true and correct.


Subscribed and sworn to before me          Signature: _____
On this _____30_____ day of _____Oct 2023_____           Yong Chul Son, Plaintiff
                                            Address:    14465 Barclay Ave, 3rd FL
                                                        Flushing, NY 11355
                                            Phone:      (718) 974-4658

**Min-Jung-Kim**
Notary Public
State of New Jersey
My Commission Expires Jan 24, 2024
No. 2 3 1 0 6 9 8

Name Card received on February 4, 1987

from Philadelphia Police Officer

Priscilla Andrews # 2987

COMMONWEALTH OF PENNSYLVANIA:

                                 SS:

COUNTY OF PHILADELPHIA          :


YOUNG CHUL SON  ADMINISTRATOR OF THE
ESTATE OF MYUNG SUN SON, DECEASED          , being duly sworn
according to law deposes and says that he/she is the Plaintiff(s)
in the foregoing action, and that the facts set forth in the
  CIVIL ACTION COMPLAINT                         , herein are true
and correct to the best of his/her knowledge, information and
belief.


X _____
YOUNG CHUL SON, ADMINISTRATOR OF THE
ESTATE OF MYUNG SUN SON, DECEASED


SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY
OF _____ , 1993.

_____
       NOTARY

NOTARIAL SEAL
MELINDA A. WAJDA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Sept. 12, 1994


**EXHIBITION  A**

## BILLING INVOICE

RESENT: ~~9/9/93~~ *11/7/00*

Mr. Young Chul Son                                                2/9/93
358 Second Street Pike
Southampton, PA 18966

RE:  *Estate of Myung Sun Son vs. SEPTA*

COST RETAINER FOR LEGAL SERVICES DUE:                 $ 2,000.00

*LESS PAYMENTS ON ACCOUNT:*

                        (9/18/92)   $ 500.00
                        (1/15/93)   $ 300.00
                                                      -   800.00

                **BALANCE DUE:**                      $ 1,200.00

PLEASE REMIT PAYMENT TO:

                GARY BROWNSTEIN, *Esquire*
                   1308 Spruce Street
                Philadelphia, PA 19107
                     (215) 732-4780

*2/11/00  Received $600 in account*

*Balance Due $600*                    **EXHIBIT B**

PROTHONOTARY, MONTGOMERY COUNTY, PA          DATE 04/17/02

DOCKET INFORMATION

CASE INFORMATION

SON YOUNG J IND-ADM                VERSUS BERNARD JACK M

CASE # 91-02009   DATE COMMENCED 02/01/09   JUDGE  BRANCA
CASETYPE SUMMONS-CIVIL ACTION
PARCEL # =   -   -   -

PLAINTIFF SON YOUNG J IND-ADM              ATTORNEY BROWNSTEIN GARY
358 SECOND ST PK           SOUTHAMPTON  PA 18966

PLAINTIFF SON MYUNG SUN              .  ATTORNEY BROWNSTEIN GARY
356 SECOND ST PK           SOUTHAMPTON  PA 18966

DEFENDANT BERNARD JACK M              ATTORNEY PUGH IV WILLIAM
1101 MARKET ST STE 2701        PHILA      PA 19107

DOCKET INFORMATION     BACK TO TOP

03/04/91 APPEARANCE OF WILLIAM H PUGH IV ESQ FOR DEFT
03/04/91 DEMAND FOR JURY TRIAL BY DEFT
03/19/91 SERVED DEFT JACK M BERNARD ON 2/21/91
07/19/91 WITHDRAWAL OF APPEARANCE OF ALBERT A DEGENNARO ESQ FOR PLTF
07/19/91 APPEARANCE OF EDWARD J HUGHES ESQ FOR PLTF
08/16/91 WITHDRAWAL OF APPEARANCE OF EDWARD J HUGHES ESQ FOR PLTF
08/16/91 APPEARANCE OF DAVID H OH ESQ FOR PLTFS
08/16/91 DEMAND FOR JURY TRIAL BY PLTFS
09/29/92 WITHDRAWAL OF APPEARANCE OF DAVID H OH ESQ FOR PLTFS
09/29/92 APPEARANCE OF GARY BROWNSTEIN ESQ FOR PLTFS
06/08/93 COMPLAINT IN CIVIL ACTION
07/07/93 AFFIDAVIT OF SERVICE OF CIVIL ACTION COMPLT ON 6/7/93
07/07/93 ANSWER AND NEW MATTER BY DEFT BERNARD
07/15/93 REPLY TO NEW MATTER BY PLTFS
09/24/93 PETITION FOR DISCOVERY AND RULE DATE ON 10/26/93 DUNMIRE,CA COPY
         SENT
10/06/93 AFFIDAVIT OF SERVICE OF MOT TO COMPEL DISCOVERY ON
         9/20/93 & RULE RETURNABLE SENT ON 10/4/93
10/22/93 ANSWER OF DEFT TO MOT TO COMPEL DISCOVERY
11/05/93 ORDER OF 11/3/93 SALUS,J COPIES SENT
         11/3/93
02/16/95 AFFIDAVIT OF SERVICE OF OBJS TO REQ FOR ADMISSION ORDER &
         COVER SHEET WITH RULE RETURNABLE SENT ON 2/15/95
02/15/95 OBJECTIONS OF DEFT TO REQUESTS FOR ADMISSION AND
         RULE DATE ON 3/28/95 DUNMIRE,CA
03/27/95 REPLY TO OBJS OF DEFT TO PLTFS REQ FOR
         ADMISSIONS BY PLTFS
04/03/95 ORDER OF 3/30/95 SALUS,J  COPIES SENT
12/04/95 MOTION FOR CONTEMPT AND TO COMPEL
         DEPOSITION & RULE DATE ON 1/16/95  DUNMIRE,CA  COPY SENT
01/11/95 ANSWER TO PLTFS' MOTION FOR CONTEMPT BY
         DEFT
01/11/96 AFFIDAVIT OF SERVICE OF PLTFS MOT FOR CONTEMPT & TO COMPEL
         DEPOSITION COVER SHEET WITH RULE RETURNABLE SENT ON 1/11/96
01/25/96 ORDER OF 1/24/96 SALUS,J  COPIES SENT ON
         1/24/96
05/07/96 MOTION TO COMPEL AND RULE DATE ON 6/25/96  DUNMIRE,CA  COPY
         SENT
05/31/96 AFFIDAVIT OF SERVICE OF RULE RETURNABLE SENT ON 5/31/96
06/19/96 ANSWER TO MOTION TO COMPEL DEPOSITION BY

**EXHIBIT  C1**

```
            DEFT BERNARD
06/24/96 REPLY (SUR) IN SUPPORT OF MOT TO COMPEL
         THE DEPOSITION OF WITNESSES DAWN N SPENCER, FRANKLIN MCCLOUD & SONIA
         HICKS BY PLTFS
06/24/96 CERTIFICATION OF SERV OF PLTFS SUR REPLY IN
         SUPPORT OF MOT TO COMPEL THE DEPOSITIONS OF WITNESSES & ORDER
         ON 6/21/96
07/09/98 NOTICE TO TERMINATE   (RULE 406)
07/15/98 ACTIVE STATUS CERTIFICATION
07/28/00 NOTICE TO TERMINATE   (RULE 406)
08/04/00 ACTIVE STATUS CERTIFICATION
03/15/01 MOTION TO COMPEL PLTFS TO FILE FULL &
         COMPLETE ANS TO INTERROGS BY DEFT
03/16/01 CERTIFICATION OF SERV OF MOT TO COMPEL ANS TO
         INTERROGS W/RULE RETURN ON 3/15/01
03/22/01 RULE DATE OF 4/17/01  KEHS,CA
04/17/01 REPLY TO NEW MATTER OF PLTF TO MOT OF DEFT TO COMPEL
         PLTFS TO FILE FULL & COMPLETE ANS TO INTERROGS
04/23/01 ORDER OF 4/23/01 PLTF TO ANS INTERROGS
         SALUS,J  COPIES SENT 4/23/01
12/06/01 PRAE. FOR CIVIL TRIAL LIST, JURY
01/24/02 PRE-TRIAL DISPOSITION REPORT
01/24/02 MEMORANDUM SETTLEMENT CONFERENCE BY PLTFS
01/24/02 MEMORANDUM PRETRIAL BY DEFTS
02/28/02 ORD.TO TRANSFER OR STRIKE LISTING DUNMIRE CA
END OF DATA
```

BACK TO TOP     DOCKET INFORMATION

HOME     PROTHONTARY NAME INDEX     RUSSELL NUMBER SEARCH     ABUSER NAME SEARCH

**EXHIBITION  C2**

FROM : LAW OFFICES OF YOUNG K. PARK      FAX NO. :215 851 9749          Jul. 15 2002 08:35AM  P2

LAW OFFICES

# YOUNG K. PARK
SUITE 2631
1700 MARKET STREET
PHILADELPHIA, PA 19103

YOUNG K. PARK*
RAJA RAJAN**†
JINSUK BYUN*†

* ALSO MEMBER OF NJ BAR
** ALSO MEMBER OF MD & DC BAR
† ALSO MEMBER OF NY BAR

(215) 851-9740
FAX (215) 851-9749

NJ OFFICE
128 NORTH BROADWAY
SUITE 329
CAMDEN, NJ 08102

(856) 365-3669

**Please Reply to Philadelphia Office**

Brownstein and Vitale, PC
Gary Brownstein, Esquire
1308 Spruce Street
Philadelphia, PA 19107

Re:     Your file: Son v. Bernard

Dear Mr. Brownstein:

I, Young Chul Son, hereby authorize and release you from the attorney client privilege to fully speak with attorney Young K. Park and Raja Rajan on the matter of my case with you.  Mr. Park's office is helping me fully understand the current status of may case.  Thank you.

Young Chul Son

Date: 7/17/02

**EXHIBITION  D**

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

YOUNG SON, ADM. OF THE ESTATE OF        :        NO. 91-02009
MYUNG SUN SON, Deceased

        vs.        :

JACK M. BERNARD        :

## O R D E R

AND NOW, this 7ᵗʰ day of March, 2003, upon consideration of the amended petition

for approval of wrongful death and survival action claims, the proposed settlement having a gross

value of $50,000.00 is hereby approved, to be distributed and allocated as follows:

| | | |
|---|---|---|
| TO: | Brownstein and Vitale, P.C. - reimburse costs | $1,120.19 |
| TO: | Brownstein and Vitale, P.C. - fee | 16,293.27 |

The balance of $32,586.54 is allocated entirely to the wrongful death action and is distributable

as follows:

| | | |
|---|---|---|
| TO: | Young Son, adult son | $13,034.61 |
| TO: | Tae Soon son, adult daughter | 6,517.31 |
| TO: | Young Soon Son, adult daughter | 6,517.31 |
| TO: | Young Jun Son, adult son | 6,517.31 |
| | | $50,000.00 |

Young Son, administrator, is ORDERED and DIRECTED to file a copy of this Order with the

Register of Wills of Philadelphia County within thirty days pursuant to 20 Pa.C.S.A. §3323(b)(3).

2016-21973-0000   9 2 2016 12:18 PM   = 10944279
Complaint Civil Action
Rcpt=2016-102-01752  Fee:$270.00  Exhibit E
Mark Levy - MontCo Prothonotary

BY THE COURT:

_____ J.

EXHIBITION E

**LAW OFFICE**
**GARY BROWNSTEIN, ESQUIRE**

1308 Spruce Street                    601 Haddon Avenue
Philadelphia, PA 19107                Haddon Executive Center
(215) 732-4780                        Suite 105
                                      Collingswood, NJ 08108
                                      (609) 869-9559

## POWER OF ATTORNEY

I, the undersigned, do hereby irrevocably constitute
GARY BROWNSTEIN, ESQUIRE, as my attorney, to prosecute my
claim for damages sustained on the _2/4/87 or Thereafter,_
~~1994~~, against any person or firm or corporation who may be
responsible thereof, and I do further hereby authorize my
said attorney to execute all documents pertaining thereto,
and to do all lawful acts requisite for effecting the
premises on my behalf.

I hereby agree that out of whatever sum is secured from
this claim, either by way of settlement or verdict, all
legal expenses, if any, shall be deducted from said sum, and
of the balance remaining, may said attorney shall retain

 ~~50%~~ 33 1/3 %

I hereby authorize my said attorney to pay out of any
proceeds of settlement or trial any unpaid medical bills for
treatment or services made necessary by the injuries
sustained in this accident.

Should no money be recovered by suit or settlement, my
said attorney will have no claim against me for services
rendered.

I hereby acknowledge receipt of a duplicate copy hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and
seal, this _8th_ day of _August_          199_7_

WITNESS:

(SEAL) _____          _____

(SEAL) _____          _____

## EXHIBIT F

"B"

**LAW OFFICE**
**GARY BROWNSTEIN, ESQUIRE**

1308 Spruce Street                    601 Haddon Avenue
Philadelphia, PA 19107                Haddon Executive Center
(215) 732-4780                        Suite 105
                                      Collingswood, NJ 08108
                                      (609) 869-9559

**POWER OF ATTORNEY**

    I, the undersigned, do hereby irrevocably constitute GARY BROWNSTEIN, ESQUIRE, as my attorney, to prosecute my claim for damages sustained on the ~~1994~~, against any person or firm or corporation who may be responsible thereof, and I do further hereby authorize my said attorney to execute all documents pertaining thereto, and to do all lawful acts requisite for effecting the premises on my behalf.

    I hereby agree that out of whatever sum is secured from this claim, either by way of settlement or verdict, all legal expenses, if any, shall be deducted from said sum, and of the balance remaining, may said attorney shall retain

**RETAIN %** ❶

    I hereby authorize my said attorney to pay out of any proceeds of settlement or trial any unpaid medical bills for treatment or services made necessary by the injuries sustained in this accident.

**MY INITIAL** ❷

    Should no money be recovered by suit or settlement, my said attorney will have no claim against me for services rendered.

    I hereby acknowledge receipt of a duplicate copy hereof.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this ____ day of _____ 199__

**SEAL DATE** ❸

WITNESS:

**SUBSCRIBE** ❹

(SEAL)

(SEAL)

**MY SIGNATURE** ❺

**EXHIBITION G**

"B"

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

## TRUST MONEY
### (SUM U.S. $ 32,586.54)



**EXHIBITION  H**

PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

| YEAR | DIST./OCC. | D.C. NO. | | SECT. | DIST. | | VEH. NO. | REPORT DATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | 12/13/0 |

| CRIME OR INCIDENT CLASSIFICATION | | CODE | | TIME OUT | A P | TIME IN | A P |
|---|---|---|---|---|---|---|---|

| LOCATION OF OCCURRENCE | ☐ IN ☐ OUT | TYPE OF PREM. |
|---|---|---|

| DATE OF OCCUR. | DAY CODE | TIME OF OCCUR. | A P | NATURE OF INJURY |
|---|---|---|---|---|

| COMPLAINANT | AGE | RACE | SEX | PHONE (HOME) |
|---|---|---|---|---|

| ADDRESS  6th dist - 215-686-3060 | PHONE (BUSINESS) |
|---|---|

| FOUNDED | REPORT TO FOLLOW | | UNIT | CODE | INV. CONT NO. |
|---|---|---|---|---|---|
| ☐ Yes ☐ No | ☐ Yes  ☐ No  ☐ Close Out | | | | |

| WITNESS | TRACEABLE PROP. | UNIQUE DESCRIPTION OF OFFENDER | OTHER EVIDENCE |
|---|---|---|---|
| ☐ Yes ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |

DESCRIPTION OF INCIDENT *(Include Description of Crime Scene if Applicable)*

6th district ask for
OC# for fraud.
08-06-06 6804
Location of occurance is
1308 spruce ST.

12-13-08
Central Detectives will
notify Mr Brownstein
regarding the power of
attorney signature: (Yong C Son)
on Monday at 3:00pm

Lt George Ondrejka #230
(215) 686-3094
3093 ✓

75-48 (Rev. 6/94)

**EXHIBIT  I1**

---



THE **DISCIPLINARY** BOARD

**OF THE**

**SUPREME COURT OF PENNSYLVANIA**

Paul J. Killion
Chief Disciplinary Counsel

Paul J. Burgoyne
Deputy Chief Disciplinary Counsel

**DISTRICT I**
Disciplinary Counsel-in-Charge
Anthony P. Sodroski

Disciplinary Counsel
Richard Hernandez
Donna M. Snyder
Gloria Randall Ammons
Harriet R. Brumberg
Robert P. Fulton
Amelia C. Kittredge
Carmen C. Nasuti

**OFFICE OF DISCIPLINARY COUNSEL**

DISTRICT I OFFICE
16th Floor
Seven Penn Center
1635 Market Street
Philadelphia, PA 19103
(215) 560-6296
Fax (215) 560-4528
www.padisciplinaryboard.org

August 11, 2011

**PERSONAL AND CONFIDENTIAL**

Mr. Yong Chul Son
17 West Homestead Avenue
1st Floor
Palisades Park, NJ   07650

                    RE:   Complaint against
                          Gary Brownstein, Esquire

Dear Mr. Son:

    This will acknowledge receipt of your recently filed complaint against the above-named attorney. For the following reasons, your complaint against Gary Brownstein, Esquire, has been dismissed.

    According to your complaint, it appears you were represented in a legal matter in 2002 by Jack M. Bernard, Esquire. Mr. Bernard handled your case negligently and missed the statute of limitations to file suit. As a result you retained Mr. Brownstein to file a legal malpractice action against Mr. Bernard. The malpractice action ended in a settlement whereby Mr. Bernard would pay you $10,000. It appears that you are now dissatisfied with the disbursement of that settlement money.

    Any problems you have with the fee charged by Mr. Brownstein is what this office classifies as a "fee dispute." You have already filed a fee dispute in New Jersey; you may also file a fee dispute in this jurisdiction. It is the policy of the Disciplinary Board that "fee disputes" are referred to fee dispute committees for resolution. If you wish to file a complaint with a fee dispute committee in this locality, you may

**EXHIBIT  J1**

Mr. Yong Chul Son
August 11, 2011
Page 2

receive the necessary forms and information by contacting the Fee Dispute Committee of the Philadelphia Bar Association, One Reading Center, ARA Tower, 1101 Market Street, Philadelphia, PA 19107; (215) 238-6326. The Philadelphia Bar Association is a private, non-profit organization not associated with this government agency.

Let me briefly explain the process in which we engage before dismissing a complaint. After reviewing the file and making a determination for the dismissal, I forward the file to another attorney in this office. The second attorney will then review the file and my recommendation and will either concur in or modify my recommendation. In this case, the reviewing attorney concurred in my recommendation to dismiss the complaint.

Even though we are dismissing your complaint, you should be aware of some important limitations on this office's consideration of a disciplinary complaint.

First, our jurisdiction and authority is limited to attempting to enforce the Pennsylvania Rules of Professional Conduct, a set of minimum ethical standards with which all attorneys must abide. While the Rules are quite broad in their scope, they simply do not prohibit all conduct by an attorney, which might be considered as unprofessional, inappropriate, or "unethical."

Second, even though you have filed a complaint, this office does not represent you or your personal interests. We are not your attorney and cannot provide you with any personal legal advice. We cannot attempt to obtain any remedy or damages you might feel you are entitled to nor can we interfere with or intercede in any pending or future legal proceedings you might be involved in.

Third, like any other prosecutorial agency, this office has the burden of proof. Each and every allegation of ethical misconduct must be proven by "clear and convincing" evidence, a standard of proof greater than the "preponderance" standard applicable in a civil proceeding.

With few exceptions, the attorney disciplinary system is confidential and remains so unless and until formal disciplinary charges are filed by the Office of Disciplinary Counsel against the respondent-attorney with the Disciplinary Board and the

**EXHIBITION  J2**

Mr. Yong Chul Son
August 11, 2011
Page 3

respondent-attorney has had the opportunity to answer those charges. Enforcement Rule 209(a) provides that any person who communicates with Disciplinary Counsel or the Board relating to misconduct by a respondent-attorney or gives testimony before a hearing committee or special master in a proceeding conducted pursuant to the Enforcement Rules, shall be immune from civil suit based upon such communication or testimony.

In accordance with your request, I am enclosing the originals of the documents sent to us under cover of your Complaint Information Form.

I assure you that we dealt with your complaint in a fair and unbiased manner.

Very truly yours,

Donna M. Snyder
Disciplinary Counsel

DMS/ba
Enclosures

**EXHIBIT  J3**



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

BUREAU OF CONSUMER PROTECTION
21 South 12th Street, 2nd Floor
Philadelphia, Pennsylvania 19107
215-560-2414
January 16, 2013

Yong Chul Son
400 Main St., 2nd Floor
Fort Lee, NJ  07024-2842

        Re:   Gary Brownstein
              BCP-13-05-001568

Dear Mr. Son:

        I have reviewed you complaint.  The Bureau of Consumer Protection
enforces the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §
201-1, *et seq.*, a civil law which covers the conduct of trade and commerce in
the Commonwealth of Pennsylvania, as it relates to the purchase of goods or
services by consumers, primarily for household or personal use.

        The issues you outlined in your complaint do not fall within these
parameters and, unfortunately, we will be unable to assist you.  You may wish
to consult with private legal counsel to determine the appropriate course of
conduct.

        If you have any questions, please feel free to contact me at the number
listed above.

                                        Very truly yours,

                                        Janis Parrilla
                                        Agent Supervisor

dw
50J

**EXHIBIT  K**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff:

Yong Chul Son, Pro Se

Vs.

CIVIL ACTION

**COMPLAINT**

Defendant(s):                                              (JURY TRIAL)

City of Philadelphia, PA; SEPTA Transportation

in the Greater Philadelphia, PA; Jack M. Bernard, Esq.;

Gary Brownstein, Esq.; Court of common Pleas

Montgomery County, PA

## I.  Parties in this Complaint.

Plaintiff:              Yong Chul Son

                        50 Delia Blvd., 2FL, Palisades Park, NJ 07650

                        201-294-7122


Defendant No.1:         City of Philadelphia Mayor's Office

                        Philadelphia, PA 19107


Defendant No. 2:        SEPTA Transportation

                        1234 Market St., 4FL, Philadelphia, PA 19107


Defendant No. 3:        Jack M. Bernard, Esq.

                        Land Title Bldg., 100 S. Brad St., Ste. 930

                        Philadelphia, PA 19110-1060

1 of 5

**EXHIBIT  L**

Defendant No. 4:     Gary Brownstein, Esq.

Two Penn Center Plaza

1500 John F. Kennedy Blvd., Ste. 1020

Philadelphia, PA 19102


Defendant No. 5:     Court of Common Pleas, Main Clerk Office

Montgomery County, PA 19404


## II. Basis for Jurisdiction

- Defendant's Failure of Competence, Constituted a Violation of RPC1.3
- Defendant's Failure of Diligence, Constituted a Violation of RPC1.4(b)
- Defendant's Failure to memorize and prepare a Retainer Agreement and determine Attorney's fees, Constituted a Violation of RPC1.5(c).
- Defendant's Failure to Communicate with Clients, Rule 1:20-3(g)(4) and RPC8.1(b) – Cooperation.


## III. Statement of Claim

Plaintiff, Yong Chul Son, Administrator (Exhibit "A").

The inspiration of Myung Sun Son's Sudden and Wrongful Death.


1) City of Philadelphia

On 02/04/1987, approximately at 4:00 p.m., a female neighbor informed me that my mother was underneath the Bus. I rushed to the scene of an accident, Southbound One Way Street (2210 S. 8th St.) which was one block away towards Westbound from my home (2124 S. 7th St.). Each side of the road was filled with parked cars so that it is very tight for the Bus to pass by and it was very slippery due to freezing rain and snow a night before. She slipped and fell right after getting off the bus and then the bus took off. She was killed instantly. I went to the Autopsy of Rest at 30th St., Philadelphia, and I

2 of 5

was shown her belongings. I know she always takes some cash for spending money, 14k gold rings and 14k gold necklace when she leaves home. But there were none other than her bloody ripped clothing and her purse. Philadelphia City must disclose and clarify where the responsibility lies.

2) SEPTA Transportation

When I arrived at the scene, 2110 South 8th St., I saw someone head downward and approximately 2-3 feet away from right rear tire of the bus. I saw the clothing person was wearing and was able to confirm the person was my mother. My mother must've been dragged some time because more than half of her skull was dented. It was tragic scene. I saw handcuffed bus driver getting off the bus and getting inside the patrol vehicle while I was taking pictures of the scene. I asked the police officer the reason for that. Police officer said the bus driver was being arrested for taking drugs. The young lady at the time happened to be my neighbor also, said to me she saw the driver shutting rear exit and taking off immediately my mother's foot touched the ground (it was far from a sidewalk according to her). Because my mother was not off the bus completely, her foot/ leg got caught in the rear tire of the bus and her body was dragged for some time. When she saw my mother being dragged, she ran and had the driver STOP the bus. She then came home to tell me -- when the passenger (my mother) was still trying to get off the bus or not completely off the bus just yet. SEPTA Transportation must acknowledge that they hired a drug-using driver to cause this murder and compensate the loss and regain honor of the dead.

3) Jack M. Bernard, Esq.

Plaintiff spoke with a Counselor, Jack M. Bernard near Philadelphia City Hall in 1987. Mr. Bernard said there is absolutely no problem receiving compensation because SEPTA Transportation has a Million Dollar Commercial Auto Liberty Insurance. So Plaintiff made an oral contract with Mr. Bernard. In February 1989, Mr. Bernard made a withdrawal of the case due to Statute was barred for this Criminal Case. Thus Mr. Bernard must acknowledge that he had an intention to withdraw and must take responsibility for his action.

4) Gary Brownstein, Esq.

1991 and 1992 for 2 years, Plaintiff hired Albert A. Degennaro, Esq., Edward J. Hughes, Esq., and David H. Oh, Esq. as Legal Spokesman for the mother's SEPTA Transportation Wrongful Death Case. For unknown reason, they withdrew their duty.

September 1992, Plaintiff met Gary Brownstein at his office, 1308 Spruce St., Philadelphia, and paid fee $ 2,000.00 for Civil Case Retainer. He said the retainer fee contains 50% for lawyer himself and legal service fee. Plaintiff handed to Mr. Brownstein 10 photos of the scene. (Exhibit "B"). In 1995, there was no selection of witness and site discovery from Motion for Deposition, and Affidavit of Service of photos; there were absolutely no deliveries of documents or legal proceedings for 10 years. (Exhibit "C1, C2")

July 2002, Young K. Park, Esq. (Exhibit "D") sent a letter to request 'Release all of documents to Mr. Yong Chul Son' to Gary Brownstein, Esq. Then all of a sudden, Gary Brownstein sends Plaintiff the Petition for approval of Wrongful Death and Survival Action (Exhibit "E") and Power of Attorney (Exhibit "F") by Court of Common Pleas of Montgomery County dated 03/07/2003. After review, Plaintiff discovered five (5) findings that are not TRUE; (1) % of Retainer: Plaintiff did know the Agreement Retain in 1992 was 50%, (2) My initial: "Y.S". Never used middle name or letter "C" when writing initials, (3) Seal Date: April 1993. But Plaintiff never saw any documents even related to 'Power of Attorney', (4) Subscribe Seal: there is no date, and only Mr. Brownstein's signature, (5) My signature: None of them are mine. (Exhibit "G") Therefore, I cannot approve or accept the distribution of estate made to my siblings and decided to return the money $ 32,586.54 in full amount because 'Willful False' by Defendant Gary Brownstein, Esq. Plaintiff Administrator will comply within the Judgment trusting United States District Court, Eastern District of PA (Exhibit "H").

5) Court of Common Pleas Montgomery County, PA

I petition to Court of Montgomery County, to please REVOKE the Petition for Approval of Wrongful Death and Survival Action Order of Court entered by Gary Brownstein, Esq. with his willful false Approval of Wrongful Death and Survival Action Order of Court entered by Gary Brownstein, Esq. with his willful false.

4 of 5

IV.    Statement of Facts

1.  December 2008, Plaintiff went to Philadelphia Police Department 6th District for
    investigation and Lt. George Ondryka searched Fraud Report regarding the Power of
    Attorney Signatures. According to his research, Mr. Brownstein, as a lawyer, had
    already obtained Order of Judgment from the Court. Thus he directed to leave record
    as an incident or offense (Exhibit "I1, I2").

2.  August 2011, Plaintiff filed a Complaint to the Disciplinary Board of the Supreme
    Court of Pennsylvania against Gary Brownstein, Esq. and received an 'Opinion' from
    Disciplinary Counsel, Donna M. Snyder (Exhibit "J1, J2, J3").

3.  January 2013, Plaintiff filed a Complaint to the Bureau of Consumer Protection Office
    of Attorney General against Gary Brownstein, Esq. and received an 'Opinion' from
    Agent Supervisor, Janis Parrilla (Exhibit "K").

    Plaintiff Yong Chul Son, Administrator, hereby request Jury Trial regarding the
    Wrongful Death of Myung Sun Son. There should be considerable Compensation for
    the economical and emotional loss from all the Defendants taking criminal revelation
    that offender committed.

WHEREFORE, Plaintiff demands Judgment against defendants for Damages, Practice Legal
Fees, Interest and Cost of lawsuit(s). I declare under penalty of perjury that the foregoing is
true and correct.

SIGNED: 20th day of July, 2016

                        Signature of Plaintiff: _____

                                                Yong Chul Son, Pro-se

                        Mailing Address:        50 Delia Blvd., 2FL,

                                                Palisades Park, NJ 07650

                        Telephone No.:          201-294-7122

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YONG CHUL SON,                          :
                                        :
     Plaintiff,    :          CIVIL ACTION
                                        :
     v.            :          NO. 16-4011
                                        :
CITY OF PHILADELPHIA, et al.,           :
                                        :
     Defendants.   :
                                        :

### Order

AND NOW, this 5th day of December 2016, upon consideration of "Defendant, Gary Brownstein Esquire's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (Doc. No. 2), "Defendant, Southeastern Pennsylvania Transportation Authority's Motion to Dismiss Plaintiff's Claims Against it Pursuant to Fed. R. Civ. P. 12(b)(6))" (Doc. No. 3), Defendant City of Philadelphia's "Motion to Dismiss for Failure to State a Claim" (Doc. No. 5), Defendant, Jack M. Bernard's "Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)" (Doc. No. 8), and Plaintiff's "Notice of Motion" (Doc. No. 10), I find as follows:

1. Presently before me are motions to dismiss filed by four of the five Defendants named in this action. As the Complaint does not state a basis for the Court's subject matter jurisdiction, the motions will be granted and the Complaint will be dismissed in its entirety.[1]

---

[1] On October 19, 2016, I directed Plaintiff to effect service on the fifth Defendant, the Court of Common Pleas for Montgomery County, within twenty days or the claims against that defendant would be dismissed for lack of prosecution. On October 27, 2016, Plaintiff filed a set of documents styled as a "Praecipe to Reinstate." (Doc. No. 12.) Based on my review of those documents, it appears that Plaintiff has filed a copy of the Complaint in this action in the Court

1

**EXHIBITION  M**

2.  The Complaint alleges the following:[2]

> Plaintiff's mother was struck and killed by a SEPTA bus operated by an intoxicated driver on February 4, 1987. Plaintiff noted, following an autopsy, "spending money, 14k gold rings and [a] 14k gold necklace" were missing from his mother's belongings. Plaintiff hired Jack M. Bernard in connection with this incident. Plaintiff is dissatisfied with the services Bernard rendered but the nature of that dispute is unclear from the allegations contained in the Complaint. (Compl. ¶¶ 1-3.)[3]

> In September of 1992, Plaintiff hired Gary Brownstein in connection with a case brought in the Court of Common Pleas for Montgomery County.[4] It appears that Brownstein reached some sort of settlement on behalf of Plaintiff and his siblings. Brownstein falsified certain documents related to the settlement. Plaintiff reported Brownstein's alleged wrongdoing to the Philadelphia Police Department in December of 2008. (Id. at ¶¶ 4-5, p. 5.)

> In August 2011, Plaintiff filed a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania against Brownstein and received an "opinion." (Id. at p. 5.)

> In January 2013, Plaintiff filed a complaint with the "Bureau of Consumer Protection Office of Attorney General" against Brownstein and received an "opinion." (Id.)

> Plaintiff requests a "Jury Trial regarding the wrongful death" of his mother and states that "[t]here should be considerable Compensation for the economical and

---

of Common Pleas. In doing so, he simply crossed out "United States District Court" on the Complaint in this action and wrote in "Court of Common Pleas." The other documents included in Plaintiff's "Praecipe" seem to indicate that the Complaint filed in the Court of Common Pleas was served on the named Defendants. These documents, however, do not establish that Plaintiff has served any Defendants in the matter currently pending before me with the federal Complaint. As such, the claims against the Court of Common Pleas will be dismissed not only for lack of subject matter jurisdiction but also for lack of prosecution.

[2] As plaintiff is proceeding pro se, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

[3] Based on documents attached to the Complaint, it appears that Plaintiff brought a malpractice lawsuit against Bernard in which Plaintiff alleged that Bernard failed to timely prosecute the wrongful death and survival action filed on Plaintiff's behalf and in connection with his mother's death.

[4] It appears that Plaintiff is referring to the malpractice lawsuit he brought against Bernard.

2

emotional loss from all the Defendants taking criminal revelation that offender committed." (Id.)

3. In the section of the Complaint titled "Basis for Jurisdiction," Plaintiff cites to several provisions of the Pennsylvania Rules of Professional Conduct.

**STANDARD OF REVIEW**

4. Whether a district court possesses subject matter jurisdiction is an antecedent question that must precede any merits determination. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007).

5. The burden of establishing federal jurisdiction rests with the party asserting its existence. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006). A district court has to first determine "whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).

6. In reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006). The plaintiff must prove factual issues by a preponderance of the evidence.

7. A facial attack calls for a district court to apply the same standard of review it would use in "considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Aichele, 757 F.3d at 358.

3

## DISCUSSION

8. There are two primary bases for the exercise of this Court's jurisdiction – namely, federal question jurisdiction, <u>see</u> 28 U.S.C. § 1331 and diversity of citizenship jurisdiction, <u>see</u> 28 U.S.C. § 1332.

9. Regarding the first basis, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 Even construed liberally, the Complaint does not allege a violation of the Constitution or any federal law. Although not clearly set forth, it appears that Plaintiff is alleging that SEPTA was negligent in hiring the driver that caused his mother's death, the City of Philadelphia was negligent in its handling of his mother's belongings and Bernard and Brownstein committed malpractice. Negligence and malpractice are state law causes of action.

10. Plaintiff only cites to provisions of the Pennsylvania Rules of Professional Conduct in the section of the Complaint titled "Basis for Jurisdiction." A violation of state rules does not establish federal question jurisdiction.

11. Regarding diversity jurisdiction, a federal court has subject matter jurisdiction when "the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. The Complaint contains no allegations regarding the parties' citizenship and, therefore, Plaintiff has not adequately alleged diversity jurisdiction.

12. Therefore, I conclude the Complaint does not state a basis for the Court's exercise of subject matter jurisdiction.[5]

---

[5] In their motions to dismiss, the moving Defendants also argued that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and, additionally, any claims Plaintiff is

13. Federal Rule of Civil Procedure 15(a)(2) provides that the court should "freely give leave [to amend] when justice so requires." In deciding whether to grant leave to amend, the Court may consider whether there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman v. Davis, 371 U.S. 178 (1962).

14. I also conclude that granting Plaintiff leave to amend would be futile. Plaintiff bears the burden of demonstrating that jurisdiction exists. He, however, failed to substantively respond to Defendant Bernstein's argument that the Complaint should be dismissed for lack of subject matter jurisdiction. He failed to offer any theory under which his Complaint could be amended to state a basis for this Court's exercise of subject matter jurisdiction.

**WHEREFORE**, it is hereby **ORDERED** that:

−   Plaintiff's request (Doc. No. 10) that I take notice that he opposes Defendants' motions is **GRANTED**. It is noted that Plaintiff filed a statement indicating that he opposes Defendants' motions.

−   "Defendant, Gary Brownstein Esquire's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (Doc. No. 2), "Defendant, Southeastern Pennsylvania Transportation Authority's Motion to Dismiss Plaintiff's Claims Against it Pursuant to Fed. R. Civ. P. 12(b)(6))" (Doc. No. 3), Defendant City of Philadelphia's "Motion to Dismiss for Failure

---

attempting to pursue are barred by the statute of limitations. Although these arguments are likely meritorious, those arguments cannot be resolved in the absence of subject matter jurisdiction. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("a court must assume jurisdiction over a case before deciding legal issues on the merits"). As such, the other arguments raised in Defendants' motions to dismiss are moot.

to State a Claim" (Doc. No. 5), and Defendant, Jack M. Bernard's "Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)" (Doc. No. 8) are **GRANTED**.

– All claims against all Defendants are **DISMISSED**.

– The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ Mitchell S. Goldberg

MITCHELL S. GOLDBERG, J.

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONG CHUL SON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-4011 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

**AND NOW**, this 5th day of December 2016, upon consideration of "Defendant, Gary Brownstein Esquire's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (Doc. No. 2), "Defendant, Southeastern Pennsylvania Transportation Authority's Motion to Dismiss Plaintiff's Claims Against it Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 3), Defendant City of Philadelphia's "Motion to Dismiss for Failure to State a Claim" (Doc. No. 5), Defendant, Jack M. Bernard's "Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)" (Doc. No. 8), Plaintiff's "Notice of Motion" (Doc. No. 10), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that:

- Plaintiff's request (Doc. No. 10) that I take notice that he opposes Defendants' motions is **GRANTED**. It is noted that Plaintiff filed a statement indicating that he opposes Defendants' motions.

- "Defendant, Gary Brownstein Esquire's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (Doc. No. 2), "Defendant, Southeastern Pennsylvania Transportation Authority's Motion to Dismiss Plaintiff's Claims Against it Pursuant to Fed. R. Civ. P. 12(b)(6))" (Doc. No. 3), Defendant City of Philadelphia's "Motion to Dismiss for Failure

1

to State a Claim" (Doc. No. 5), and Defendant, Jack M. Bernard's "Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)" (Doc. No. 8) are **GRANTED**.

- All claims against all Defendants are **DISMISSED**.
- The Clerk of Court is directed to mark this matter **CLOSED**.

                                            **BY THE COURT:**

                                            /s/ Mitchell S. Goldberg

                                            _____
                                            **MITCHELL S. GOLDBERG, J.**

# UNITED STATES DISTRICT COURT
## NEWARK DISTRICT OF NEW JERSEY

Plaintiff:

Yong Chul Son, Pro Se


     Vs.

                                        CIVIL ACTION

Defendant(s):                          **COMPLAINT**

City of Philadelphia, PA; SEPTA Transportation    (JURY TRIAL)

in the Greater Philadelphia, PA; Jack M. Bernard, Esq.;

Gary Brownstein, Esq.; Court of common Pleas

Montgomery County, PA


## I. Parties in this Complaint.

Plaintiff:           Yong Chul Son

                50 Delia Blvd., 2FL, Palisades Park, NJ 07650

                201-294-7122


Defendant No.1:    City of Philadelphia Mayor's Office

                Philadelphia, PA 19107


Defendant No. 2:   SEPTA Transportation

                1234 Market St., 4FL, Philadelphia, PA 19107


Defendant No. 3:   Jack M. Bernard, Esq.

                Land Title Bldg., 100 S. Brad St., Ste. 930

                Philadelphia, PA 19110-1060

**EXHIBITION   N**

Defendant No. 4:      Gary Brownstein, Esq.

Two Penn Center Plaza

1500 John F. Kennedy Blvd., Ste. 1020

Philadelphia, PA 19102


Defendant No. 5:      Court of Common Pleas, Main Clerk Office

Montgomery County, PA 19404

Plaintiff's Civil Action Complaint filing fee $ 400.00 against the above Defendants and
United States District Court District of New Jersey commence a Lawsuit at Newark Clerk's
office, Martin Luther King, Jr. Federal Bldg., & U.S. Courthouse, 50 Walnut St., Newark, NJ
07101.


## II.  Basis for Jurisdiction

1)  Federal Question – under 28 u.s.c. § 1331

2)  Diversity of Citizenship – under 28 u.s.c. § 1332

Federal Court jurisdiction is based on Federal Questions, Diversity of Citizenship, U.S.
Government Defendant. From Federal Question, the Question of Fact is Lawsuit under the
federal civil rights statute, 42 u.s.c. § 1983. From Diversity of Citizenship, Plaintiff statute
of Citizenship is New Jersey, and Defendants statute of Citizenship is Pennsylvania.


## III.  Statement of Claim

Plaintiff, Yong Chul Son, Administrator (Exhibit "A").

The inspiration of Myung Sun Son's Sudden and Wrongful Death.


1)  City of Philadelphia

On 02/04/1987, approximately at 4:00 p.m., a female neighbor informed me that my mother
was underneath the Bus. I rushed to the scene of an accident, Southbound One Way Street
(2210 S. 8th St.) which was one block away towards Westbound from my home (2124 S. 7th
St.). Each side of the road was filled with parked cars so that it is very tight for the Bus to

2 of 7

Case 1:23-cv-09541-KPF   Document 1   Filed 10/31/23   Page 39 of 90

Case 2:17-cv-01641-CCC-SCM   Document 53-2   Filed 10/15/19   Page 44 of 48 PageID: 987
Case 2:17-cv-01641-CCC-SCM   Document 1   Filed 03/08/17   Page 3 of 57 PageID: 3

pass by and it was very slippery due to freezing rain and snow a night before. She slipped and fell right after getting off the bus and then the bus took off. She was killed instantly. I went to the Autopsy of Rest at 30th St., Philadelphia, and I was shown her belongings. I know she always takes some cash for spending money, 14k gold rings and 14k gold necklace when she leaves home. But there were none other than her bloody ripped clothing and her purse. Philadelphia City must disclose and clarify where the responsibility lies.

2) SEPTA Transportation

When I arrived at the scene, 2110 South 8th St., I saw someone head downward and approximately 2-3 feet away from right rear tire of the bus. I saw the clothing person was wearing and was able to confirm the person was my mother. My mother must've been dragged some time because more than half of her skull was dented. It was tragic scene. I saw handcuffed bus driver getting off the bus and getting inside the patrol vehicle while I was taking pictures of the scene. I asked the police officer the reason for that. Police officer said the bus driver was being arrested for taking drugs. The young lady at the time happened to be my neighbor also, said to me she saw the driver shutting rear exit and taking off immediately my mother's foot touched the ground (it was far from a sidewalk according to her). Because my mother was not off the bus completely, her foot/ leg got caught in the rear tire of the bus and her body was dragged for some time. When she saw my mother being dragged, she ran and had the driver STOP the bus. She then came home to tell me – when the passenger (my mother) was still trying to get off the bus or not completely off the bus just yet. SEPTA Transportation must acknowledge that they hired a drug-using driver to cause this murder and compensate the loss and regain honor of the dead.

3) Jack M. Bernard, Esq.

Plaintiff spoke with a Counselor, Jack M. Bernard near Philadelphia City Hall in 1987. Mr. Bernard said there is absolutely no problem receiving compensation because SEPTA Transportation has a Million Dollar Commercial Auto Liberty Insurance. So Plaintiff made an oral contract with Mr. Bernard. In February 1989, Mr. Bernard made a withdrawal of the case due to Statute was barred for this Criminal Case.

Case 1:23-cv-09541-KPF   Document 1   Filed 10/31/23   Page 40 of 90

Case 2:17-cv-01641-CCC-SCM   Document 53-2   Filed 10/15/19   Page 45 of 48 PageID: 988
Case 2:17-cv-01641-CCC-SCM   Document 1   Filed 03/08/17   Page 4 of 57 PageID: 4

● ●

Thus Mr. Bernard must acknowledge that he had an intention to withdraw and must take responsibility for his action.

4) Gary Brownstein, Esq.

1991 and 1992 for 2 years, Plaintiff hired Albert A. Degennaro, Esq., Edward J. Hughes, Esq., and David H. Oh, Esq. as Legal Spokesman for the mother's SEPTA Transportation Wrongful Death Case. For unknown reason, they withdrew their duty.

September 1992, Plaintiff met Gary Brownstein at his office, 1308 Spruce St., Philadelphia, and paid fee $ 2,000.00 for Civil Case Retainer (Exhibit 'B'). He said the retainer fee contains 50% for lawyer himself and legal service fee. Plaintiff handed to Mr. Brownstein 10 photos of the scene                Since 1992, there was no selection of witness and site discovery from Motion for Deposition, and Affidavit of Service of photos; there were absolutely no deliveries of documents or legal proceedings for 10 years. (Exhibit "C1, C2")

July 2002, Young K. Park, Esq. (Exhibit "D") sent a letter to request 'Release all of documents to Mr. Yong Chul Son' to Gary Brownstein, Esq. Then all of a sudden, Gary Brownstein sends Plaintiff the Petition for approval of Settlement of Wrongful Death and Survival Action (Exhibit "E1, E2, E3, E4") and Power of Attorney (Exhibit "F") by Court of Common Pleas of Montgomery County dated 03/07/2003. After review, Plaintiff discovered five (5) findings that are not TRUE; (1) % of Retainer: Plaintiff did know the Agreement Retain in 1992 was 50%, (2) My initial: "Y.S". Never used middle name or letter "C" when writing initials, (3) Seal Date: April 1993. But Plaintiff never saw any documents even related to 'Power of Attorney', (4) Subscribe Seal: there is no date, and only Mr. Brownstein's signature, (5) My signature: None of them are mine. (Exhibit "G") Therefore, I cannot approve or accept the distribution of estate made to my siblings and decided to return the money $ 32,586.54 in full amount because 'Willful False' by Defendant Gary Brownstein, Esq. Plaintiff Administrator the money $ 32,586.54 entrusted at United States District Court Eastern District of PA will comply within the Judgment trusting United States District Court, Newark District of New Jersey (Exhibit 'H').

**4 of 7**

5)  Court of Common Pleas Montgomery County, PA

7th day of March, 2003, from Court of Common Pleas of Montgomery County, PA. , to please
REVOKE the Petition for Approval of Distributed Settlement of Wrongful Death and
Survival Action Order of Court entered by Gary Brownstein, Esq. with his willful false
Approval of Wrongful Death and Survival Action Order of Court entered by Gary
Brownstein, Esq. with his willful false.

IV.  <u>Statement of Facts</u>

1.  December 2008, Plaintiff went to Philadelphia Police Department 6th District for
investigation and Lt. George Ondryka searched Fraud Report regarding the Power of
Attorney Signatures. According to his research, Mr. Brownstein, as a lawyer, had
already obtained Order of Judgment from the Court. Thus he directed to leave record
as an incident or offense (Exhibit 'I1, I2').

2.  August 2011, Plaintiff filed a Complaint to the Disciplinary Board of the Supreme
Court of Pennsylvania against Gary Brownstein, Esq. and received an 'Opinion' from
Disciplinary Counsel, Donna M. Snyder (Exhibit 'J1, J2, J3').

3.  January 2013, Plaintiff filed a Complaint to the Bureau of Consumer Protection Office
of Attorney General against Gary Brownstein, Esq. and received an 'Opinion' from
Agent Supervisor, Janis Parrilla (Exhibit 'K').

4.  20th day of July, 2016, Plaintiff filed a Complaint to United States District Court
Eastern District of Pennsylvania against City of Philadelphia, SEPTA Transportation,
Jack M. Bernard, Esq., Gary Brownstein, Esq., and Court of Common Pleas.
Montgomery County, PA. The category of Exhibit A, B, C, D, E, F, G, H, I & K is in
the same category of Complaint of United States District Court of Newark District of
New Jersey  (Exhibit 'L', 6 pages, 1 – 6).

5.  September 13, 2016, Affidavit of Service from Sheriff's office of Philadelphia County
(Exhibit 'M', 2 pages, 1 – 2).

6. 19th day of September, 2016, United States District Court for the Eastern District of PA. Judge Mitchell S. Goldberg ordered that Plaintiff shall respond within 14 days of the date of this order (Exhibit 'N').

7. August, September, 2016, Defendant's objection of City of Philadelphia against Plaintiff's complaint (Exhibit 'O', 69 pages, 1 – 69). Received 9/6/2016.

8. August 2016, Defendant's objection of SEPTA Transportation against Plaintiff's complaint (Exhibit 'P, 50 pages, 1 – 50). Received 9/19/2016.

9. September 2016, Defendant's objection of Jack M. Bernard, Esq., against Plaintiff's complaint (Exhibit 'Q', 6 pages, 1 – 6). Received 9/26/2016.

10. August, September, 2016, Defendant's objection of Gary Brownstein, Esq., against Plaintiff's complaint (Exhibit 'R', 161 pages, 1 – 161). Received 9/22/2016.

11. September 30, 2016, Plaintiff's Notice of Motion (Exhibit 'S', 1 page).

12. 19th day of October, 2016, United States District Court for the Eastern District of PA. Judge, Mitchell S. Goldberg ordered that Plaintiff shall effect service on the Court of Common Pleas for Montgomery County within 20 days and file a Certificate of Service (Exhibit 'T', 1 page).

13. Plaintiff's Complaint has been praecipe to reinstated on October 20, 2016 by the Court of Common Pleas of Montgomery County (Exhibit 'U', 35 pages, 1 – 35).

14. 5th day of December, 2016, Judge Mitchell S. Goldberg ordered that Defendant's motion is granted (Exhibit 'V', 8 pages, 1 – 8).

15. December 29, 2016, Plaintiff's Reply Affirmation in Support of Motion and Affidavit appealed in the United States District Court Eastern District of Pennsylvania (Exhibit 'W', 7 pages, 1 – 7).

Case 1:23-cv-09541-KPF   Document 1   Filed 10/31/23   Page 43 of 90

Case 2:17-cv-01641-CCC-SCM   Document 53-2   Filed 10/15/19   Page 48 of 48 PageID: 991
Case 2:17-cv-01641-CCC-SCM   Document 1   Filed 03/08/17   Page 7 of 57 PageID: 7

16. 4ᵗʰ day of January, 2017, Judge Mitchell S. Goldberg ordered that Plaintiff's Reply Affirmation in Support of Motion is Denied (Exhibit 'X', 2 pages, 1 – 2).

17. January 6, 2017, order Sur Preliminary objections from Court of Common Pleas of Montgomery County, PA, Civil Action No. 16-21973 (Exhibit 'Y', 1 page).

18. 6ᵗʰ day of March, 2017, I hereby file the Plaintiff's Reply Affirmation in Support of Motion and Affidavit with Complaint (Exhibit 'Z', 5 pages, 1 – 5).

Plaintiff Yong Chul Son, Administrator, hereby request Jury Trial regarding the Wrongful Death of Myung Sun Son. There should be considerable Compensation for the economical and emotional loss from all the Defendants taking criminal revelation that offender committed.

WHEREFORE, Plaintiff demands Judgment against defendants for Damages, Practice Legal Fees, Interest and Cost of lawsuit(s).

I declare under penalty of perjury that the foregoing is true and correct.

Bergen County, New Jersey
SIGNED: 8ᵗʰ day of March, 2017

Signature of Plaintiff: _____

Yong Chul Son, Pro-se

Mailing Address: 50 Delia Blvd., 2FL,

Palisades Park, NJ 07650

Telephone No.: 201-294-7122

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONG CHUL SON, | Civil Action No.: 17-1641 (CCC-SCM) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| CITY OF PHILADELPHIA, PA *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

On August 18, 2017, this Court issued an Order dismissing this matter pursuant to Federal Rule of

Civil Procedure 4(m) for failure to effect service of the summons and complaint within 90 days of the

filing of the complaint, or to show that proper service was effected within said 90 days. (ECF No. 4).

Plaintiff, who is proceeding *pro se*, filed a number of responses to the Court's August 18, 2017 Order.[1]

However, Plaintiff has failed to properly serve the summons and complaint under the Federal Rules of

---

[1] More specifically, Plaintiff attached a number of affirmations that Plaintiff "mailed a copy of Notice of Motion to Counsel," which appears to be this Court's own Order of August 18, 2017, to Defendants on or about September 1, 2017. (ECF No. 5). Plaintiff additionally filed a "proof of service" on September 29, 2017, wherein Plaintiff states that he "mailed the original sealed Notice of Motion from Montgomery County Court of Common Pleas" to Defendants on September 28, 2017. (ECF No. 6). On November 16, 2017, Plaintiff filed another affirmation asserting that he mailed the "Notice of Motion certified by Court of Common Pleas of Montgomery County, PA" to Defendant Jack M. Bernard, Esq. ("Bernard") on September 20, 2017 and to Defendant SEPTA Transportation ("SEPTA") on September 28, 2017. (ECF No. 8). On January 16, 2018, Plaintiff filed an additional affirmation in which Plaintiff appears to attach a document accepted by the Court of Common Pleas of Montgomery County on January 9, 2018. (ECF No. 9). The document appears to convey that the Sherriff's Office for Philadelphia County served SEPTA on December 5, 2017, as well as attempted to serve Bernard on December 4, 2017, with the "Affidavit of Plaintiff's Notice of Motion certified by the Court of Common Pleas of Montgomery County" in December 2017. (*Id.*). Finally, on May 29, 2018, Plaintiff filed a "Reply Affirmation in Support of Motion," with numerous attachments, that appears to seek dismissal of Defendants' motions. (ECF No. 10).

1

**EXHIBITION  O**



Civil Procedure. Additionally, Defendant Gary Brownstein ("Brownstein") filed a motion to dismiss the complaint in this matter on October 16, 2017 averring, *inter alia*, that the complaint "was never served upon Defendant herein." (ECF No. 7 ¶ 1).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the Plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Federal Rule of Civil Procedure 4(e)(2) provides, in relevant part, that a plaintiff may effect service by having another individual:

> (A) deliver[] a copy of the summons and of the complaint to the individual personally; (B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). In other words, personal service requires that process be served by, among others, "the sheriff . . . by plaintiff's attorney . . . or by any other competent adult not having a direct interest in the litigation[;]" but *not* the litigant themselves. N.J. Ct. R. 4:3; Pa. R. C. P. No. 402. Alternatively, a plaintiff may effect service under the law of the state in which the district court sits, or the law of the state in which service is to be effected. Fed. R. Civ. P. 4(e)(1). Both New Jersey and Pennsylvania have substantially incorporated these federal methods for effectuating personal service. *See* N.J. Ct. R. 4:4; Pa. R. C. P. No. 402.

Merely stating that Plaintiff mailed copies of a "Notice of Motion to Counsel," whether such mailing was of the Court's prior order dismissing this matter or an unspecified motion in a state court action in the Court of Common Pleas of Montgomery County, does not effectuate service of process on Defendants, or otherwise demonstrate that service was properly effected within 90 days of the filing of

2

the complaint.   Plaintiff's filings do not clearly show that he has effected personal service of his *federal* complaint on any Defendants.

In light of Plaintiff's *pro se* status, the Court will grant Plaintiff one final opportunity to effect service properly on Defendants within sixty (60) days of the date of this Order. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to effect service within 90 days,] the court must extend the time for service for an appropriate period.").

Accordingly, **IT IS** on this 29 day of _____May_____ 2018,

**ORDERED** that the Clerk of Court shall **REOPEN** this case by making a new and separate docket entry reading **"CIVIL CASE REOPENED"**; it is further

**ORDERED** that Plaintiff must properly effectuate service of process on Defendants and file proof of the same with the Court within sixty (60) days of the date of this Order; it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** Defendant Brownstein's motion to dismiss as **MOOT**, (ECF No. 7); it is further

**ORDERED** that, pending Plaintiff's compliance with this Order, the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this case; and it is further

**ORDERED** that the Clerk of Court shall serve this Order on Plaintiff by regular mail and shall **CLOSE** the file.

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J.**

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YONG CHUL SON | : | |
| *Plaintiff,* | : | CIVIL ACTION |
| v. | : | |
| | : | NO.:   17-1641 (CCC-SCM) |
| CITY OF PHILADELPHIA, | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| JACK M. BERNARD, ESQUIRE, GARY | : | |
| BROWNSTEIN, ESQUIRE, and | : | |
| MONTGOMERY COUNTY COURT OF | : | |
| COMMON PLEAS, | : | |
| | : | |
| *Defendants.* | : | |

## ENTRY OF APPEARANCE

Please enter the appearance of Megan K. Shannon as co-counsel for Defendant,

Southeastern Pennsylvania Transportation Authority in the above referenced case.

**OFFIT KURMAN, P.A.**

By:   */s/ Megan K. Shannon*_____
Megan K. Shannon, Esquire
(ID # 255812018)

## EXHIBIT  P

Rcvd. 5/25/2019
p.

## CERTIFICATE OF SERVICE

I, hereby certify that on this 22nd day of May, 2019, a true and correct copy of the

foregoing Entry of Appearance on behalf of Defendant, Southeastern Pennsylvania

Transportation Authority (SEPTA) was filed electronically and served as below:

### VIA U.S. MAIL
Yong Chul Son
50 Delia Blvd, 2nd Floor
Palisades Park, NJ 07650

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

Montgomery County Court of Common Pleas
Office of the Prothonotary
Swede & Airy Streets
Norristown, PA 19404

### VIA ECF
Gary Brownstein, Esq.
Brownstein, Vitale & Weiss, P.C.
Two Penn Center Plaza
1500 JFK Blvd., Suite 1020
Philadelphia, PA 19102

_/s/ Megan K. Shannon_
Megan K. Shannon, Esq.

4815-9444-5463. v. 1

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONG CHUL SON, *pro se*, | Civ. No. 17-cv-01641 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| CITY OF PHILADELPHIA, PA, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motions to dismiss filed by defendants Gary Brownstein, SEPTA Transportation, Court of Common Pleas Montgomery County, PA, and City of Philadelphia, PA (collectively, "Defendants"). *See* ECF Nos. 18, 19, 21, and 26. Plaintiff has not filed an opposition to any of the motions to dismiss. The motions are decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions are **GRANTED**.

## II. BACKGROUND

Plaintiff filed a complaint (the "Complaint") in the instant matter on March 8, 2017. Compl., ECF No. 1. The Complaint names the following defendants: City of Philadelphia Mayor's Office, SEPTA Transportation, Jack M. Bernard, Esq, Gary Brownstein, Esq., Court of

1

**EXHIBIT Q**

5/30/2019

Common Pleas, Main Clerk Office. Id at 1-2. The Complaint asserts that this Court has jurisdiction over the present matter based on 28 U.S.C. § 1331 because Plaintiff is bringing a Section 1983 civil rights claim, and under 28 U.S.C. § 1332 because Plaintiff is a citizen of New Jersey and Defendants are citizens of Pennsylvania. Id. at 2. The Complaint alleges that Plaintiff's mother was tragically killed in 1987 when she was run over by a SEPTA bus. Id. at 2-3. Plaintiff retained defendant Mr. Bernard to file a lawsuit on his behalf, but Mr. Bernard failed to bring the action in a timely manner and the statute of limitations on Plaintiff's claims elapsed. Id. at 3. Plaintiff then retained defendant Mr. Brownstein to sue Mr. Bernard for malpractice. Id. at 4. Mr. Brownstein reached a settlement on Plaintiff's behalf for $32,586.54 but Plaintiff alleges that Mr. Brownstein entered into the settlement without Plaintiff's knowledge or consent. Id. In December 2008, Plaintiff visited the Philadelphia Police Department to investigate Mr. Brownstein. Id. at 5. In August 2011, Plaintiff filed a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania against Mr. Brownstein. Id. In July 2016, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania asserting nearly identical claims against the same defendants at issue in the present case. Id.

The Complaint, construed generously, states the following claims against Defendants. First, Plaintiff states that "Philadelphia City must disclose and clarify where the responsibility lies" for missing possessions that Plaintiff did not find when he was shown his mother's belongings after her accident in 1987. Id. at 3. Second, Plaintiff states that "SEPTA Transportation must acknowledge that they hired a drug-using driver to cause [Plaintiff's mother's] murder and compensate the loss and regain honor of the dead. Id. Third, Plaintiff states that "Mr. Bernard must acknowledge that he had an intention to withdraw [from Plaintiff's case]

2

and must take responsibility for his action." Id. at 4. Fourth, Plaintiff alleges that there are "five (5) findings that are not TRUE" in the settlement agreement entered into by Mr. Brownstein and accordingly Plaintiff "cannot approve or accept the distribution of estate made to [his] siblings and decided to return the money $32,586.54 in full amount because 'Willful False' by Defendant Gary Brownstein." Id.

## III.   **LEGAL STANDARD**

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). First, the court must determine whether the 12(b)(1) motion presents a facial attack or a factual attack. *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Unlike facial attacks, for which the court must consider the allegations of the complaint in the light most favorable to the plaintiff, "the presumption of truth does not extend to factual attacks, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," including "weigh[ing] and consider[ing] facts outside the pleadings to decide whether subject matter jurisdiction is proper." *Hood v. Mercer-Bucks Orthopaedics*, No. 14-3427, 2014 WL 5465879, at *2 (D.N.J. Oct. 28, 2014) (citing *Mortensen,* 549 F.2d at 891, and *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

An example of a factual attack on subject matter jurisdiction is a situation where, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Aichele*, 757 F.3d at 358.

Federal courts have limited jurisdiction; thus, "a plaintiff may invoke the jurisdiction of a federal court only pursuant to a statutory grant of authority to adjudicate the asserted claim." *Clinton Cnty. Comm'rs v. U.S. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997). Under 28 U.S.C. § 1332, federal courts have jurisdiction over cases between "citizens of different States," where the amount in controversy exceeds $75,000. For the purposes of diversity jurisdiction, a corporation is "'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1332(c)(1)).

## IV.   DISCUSSION

Defendants raise a litany of arguments in their motions to dismiss ranging from failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) to immunity from suit under the Eleventh Amendment of the United States Constitution. *See, e.g.* Def. Br. 4, ECF No. 26-1; Def. Br. at 2, ECF No. 24. The Court must first address the jurisdictional challenges raised by defendant Mr. Brownstein in his motion to dismiss, however, as jurisdiction over the claims and parties in this case is necessary for this Court to proceed to the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Mr. Brownstein's motion to dismiss raises numerous jurisdictional challenges in support of dismissal, stating "[t]here is no basis for jurisdiction with this Court as no federal question is involved, and the total settlement of $50,000 is less than the jurisdictional requisite for diversity jurisdiction,"

4

and "[t]his Court lacks jurisdiction here since everything alleged to have occurred by Plaintiff took place in the Commonwealth of Pennsylvania." Def. Br. at 3, ECF No. 18. The Court will address these arguments in turn.

The Complaint states the Court has jurisdiction over this case under 28 U.S.C. § 1331 as "the Question of Fact is Lawsuit under the federal civil rights statute, 42 U.S.C. § 1983." Compl. at 2, ECF No. 1. Despite referring to a federal statue, however, the Complaint does not actually contain any allegations or claims that can be construed as arising under 42 U.S.C. § 1983 no matter how liberally the Complaint is read.[1] As the Complaint does not properly plead a federal question, this Court does not have subject-matter jurisdiction under 28 U.S.C. § 1331. *See Waterfall Victoria Mortg. Tr. 2010-SBCI REO LLC v. Albanes*, No. 16-4751, 2017 WL 916443, at *2 (D.N.J. Mar. 8, 2017) (citing *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (internal quotation marks omitted) ("The existence of federal question jurisdiction is governed by the well-pleaded complaint rule. Under the well-pleaded complaint rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint."). As Plaintiff has failed to properly plead facts supporting the existence of a federal question sufficient to give this Court subject-matter jurisdiction, the Court next turns to diversity jurisdiction. Plaintiff alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332 as "Plaintiff statute of Citizenship is New Jersey, and Defendants statute of Citizenship is Pennsylvania." Compl. at 2, ECF No. 1. 28 U.S.C. § 1332 requires both complete diversity of citizenship and an amount in

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations omitted).

controversy greater than $75,000. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different State."). The only dollar amount referenced in the Complaint is $32,586.74 and nowhere in the Complaint does the Plaintiff allege that he is seeking more than $75,000 as required to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) ("[W]here a defendant or the court challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims."). The Complaint fails out set out sufficient factual allegations to show that this Court has subject-matter jurisdiction under 28 U.S.C. 1331 or 28 U.S.C. 1332. Accordingly, the Complaint must be dismissed.[2]

## V.   CONCLUSION

For the reasons above, the Complaint is dismissed. Mindful of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days to file an amended complaint containing factual allegations sufficient to show that this Court has subject-matter jurisdiction over the case.

An appropriate order accompanies this Opinion

**DATED:** May 30, 2019

CLAIRE C. CECCHI, U.S.D.J.

---

[2] The Court notes that Plaintiff's previous lawsuit filed in the United States District Court for the Eastern District of Pennsylvania was also dismissed as that court found it lacked subject-matter jurisdiction over Plaintiff's claims. *See Son v. City of Philadelphia, et al.*, 16-cv-04011, Order, ECF No. 13.

6

Administrative Office of the United States Courts

One Columbus Circle, NE

Washington, D.C. 20544

OPINION

The Summons and

Third Amended Complaint

Dear Administrator of the United States Courts (AO).

My name is Yong Chul Son and I am Korean. I retrieved your information from the website address. My case is filed with the United States District Court, District of New Jersey and one of my petitions had been denied.

I received a dismissive order from the Judge. If Discover of Motion being submitted is denied, my specific court case will be dismissed altogether. Please consider this matter for proper justification. Thank you.

Attachments:  1. A Third Amended Complaint.
2. Notice of Motion to Dismiss from Robert J. Krandel, Legal Counsel of Supreme Court of Pennsylvania, Administrative Office of P.A. Courts.

Respectfully,

Dated: Feb 3, 2021
       Palisades Park
       Bergen County, NJ

Signature: _____
          Yong Chul Son, Plaintiff
Address:   50 Delia Blvd., FL-2
          Palisades Park, NJ 07650
Phone:     (201) 294-7122

SWORN TO ME 2-3-2021

Yong C. Son

Min Jung Kim.
Notary Public
State of New Jersey
My Commission Expires Jan 24. 2024
No. 2 3 1 0 6 9 8

**EXHIBIT   R**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY


Plaintiff,

Yong Chul Son, Pro se

CIVIL ACTION

VS.                                                    Docket No.: 2:17-CV-01641-CCC-SCM


Defendants,

City of Philadelphia, PA

(For Pamela E. Thurmond, Esq.)

SEPTA Transportation (For Joshua D. Groff, Esq.)

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

(For Robert J. Krandel, Esq., Lydia Hilliard, Esq.)

**Motion for Reconsideration or**

**Reargument** (Local Civil Rule 6.3)

MISSING POLICE REPORT of Bus Driver belong to Southeastern Pennsylvania Transportation Authority to the deceased, Estate of Myung Sun Son on Feb 04, 1987.


MEMORANDUM OF LAW IN SUPPORT

1. First Draw plant of eyewitness of accident on Feb 04, 1987, city of Philadelphia, Pennsylvania (Exhibit A).
2. On Feb 04, 1987, As I told Accident Investigative Division officer Priscilla Andrews #2987 that the victim was my mother, she gave me her card and said the driver operated a vehicle while intoxicated and drugged causing her to die. She handcuffed the driver on site and escorted him to police station, concluded the case as homicide (Exhibit B).
3. On Apr 17, 2002, the client Yong Chul Son agrees that the law officer of Young K. Park, Esq. will represent in the following matter, Son vs. Bernard & Son vs. Brownstein and all related claims including Estate of Myung Sun Son vs. SEPTA. Young K. Park, Esq. said the case was solid because it was homicide due to SEPTA bus driver using drugs while on duty, and this fact was published in year 1987 Korean Newspaper (Exhibit C).
4. On Jul 17, 2002, Young K. Park, Esq. sent a written request to Gary Brownstein, Esq. that all of documents and files pertains to the case to be returned. The statute of limitation ends year of 1999 to my knowledge and Brownstein did not provide the requested. Since he did not respond to the request within thirty (30) days, he is in breach of the Attorney Law and therefore, he is professionally liable (Exhibit D). *9/13/2021*

**EXHIBITION S**

5. On Mar 07, 2003, Gary Brownstein, Esq. sent Judgment entered by Court of Common Pleas of Montgomery County, PA, that $ 50,000.00 was agreed, which was not presented nor discussed with the client. Thus, this judgment cannot be effective and is invalid (Exhibit E).

6. On May 04, 2010, I visited Police Record Unit in the City Hall of Philadelphia to open the case/ report of Myung Sun Son, but there was no homicide case. Only Incident Report would have been available however, it has been over 10 years and the record were unavailable. Police records retention schedule, the exception to this retention time is homicide. Police officer Priscilla Andrews said it was 'homicide case' and that the records must have been preserved appropriately but it is clear that report was missing which must be restored so that statute of limitation can be restored as well (Exhibit F).

CONCLUSION

Plaintiff collected, developed and stored relevant photos from 1972 to 1979 at the City of Philadelphia Record Department Photo Unit. And general important events and traffic events that microfilm of Homicide Special Victim's case can be restored if properly maintained in the storage room.

Jack M. Bernard, Esq. and Gary Brownstein, Esq. interrupted the conduct of police report to prevent the most important - plaintiff's Police Report of the Traffic Accident went missing.

1) No reading Police Report

2) No seeing Police Report

3) No keeping Police Report

They are lawfully liable because their action caused the statute of limitation to become invalid.

FINALLY, City of Philadelphia must find Police Officer Priscilla Andrews as a Witness of the case for accurate judgment. Otherwise, statute of limitation of this case cannot be resuscitated.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Sept 13, 2021                          Signature: _____
     Palisades Park                                          Yong Chul Son, Plaintiff
     Bergen County, NJ                        Address:  50 Delia Blvd., FL-2
                                               Palisades Park, NJ 07650
                                     Phone:    (201) 294-7122



[ FIRST DRAW PLANT OF EYEWITNESS OF ACCIDENT,

EXHIBIT A    FEB. 4 1987, CITY OF PHILADELPHIA, PA

Plaintiff's Mother's Body

JACKSON St

WINTON St

ONE WAY    8th St

ONE WAY    7th St

[ Spotted - check ]
A. Plaintiff's House
   2124 S 7th St
B. Bus Station
C. SEPTA Bus
D. Police car
⊗ INSTANT DEATH

Name Card received on February 4, 1987

from Philadelphia Police Officer

Priscilla Andrews # 2987



EXHIBIT B

*564-2901*
*New phone*

# CONTINGENT FEE AGREEMENT

DATE:          April 17, 2002

CLIENTS:       Young Chul Son, ( I also represent that I am signing this agreement on behalf of
               the estate of Myung Sun Son as the estate's representative
**LAW FIRM: LAW OFFICES OF YOUNG K. PARK**

Intending to be legally bound hereby, the parties hereto agree as follows:

1.        The Client agrees that the Law Firm will represent you in the following matter:
Son vs. Bernard & Son vs. Brownstein and Vitale, P.C. and all related claims including Estate of Myung Sun Son
vs. Septa

AT THE LAW FIRM'S DISCRETION IN ACCORDANCE WITH THE ATTORNEY'S JUDGMENT,
PROVIDED, THE FOLLOWINGS ARE SPECIFICALLY EXCLUDED FROM THE TERMS OF THIS
AGREEMENT: Post-judgment work and appeals.

**RESULTS OF THE REPRESENTATION IS NOT GUARANTEED.** Any additional legal services shall be
provided only upon execution of a separate fee agreement.

2.        The fee shall be % of the amount collected as follows: **Thirty-Five(35%)** of collection after
expenses. The client shall be responsible for all costs relating to this matter, however no charge if no recovery.

3.        In addition to legal fees, the Clients are responsible for all costs and expenses in connection with
the representation, including the following from the amount collected:

          Experts' fees, court costs, accountants' fees, appraise' fees, service fees, investigator fees,
deposition costs, messenger services, express or overnight mail, file opening charges ($25.00), photocopying
charges ($.25 per page), telecopying charges (Local $1.00 per page; Long Distance $2.00 first page, $1.00 per
following pages; international $15.00, first page $2.00 per following pages, ), telephone toll calls, mileage expenses
for travel ($.32 per mile and tolls), postage and handling fees of mail and parcel, all filing fees, and any other
necessary expenses in this matter.

4.        The Clients agree to cooperate fully with the Law Firm and provide all information relevant to the
issues involved in the representation. The Client further acknowledge and understand that my attorney may find it
necessary to communicate with other persons concerning my case. The Client hereby consents to the release of any
information by my attorney regarding my claim to any person or persons that my attorney deems necessary in
connection with the furtherance of this claim. The law firm has a right to assign this case to another law firm at its
discretion.

5.        If settlement of this case is made by structured settlement, attorney fees will be computed on the
basis of a percentage of the total cost of the settlement. The attorney fees shall be paid out of the initial cash
payment. Client authorizes the Law Firm to endorse the settlement check on the Client's behalf and make
appropriate disbursements.

**SIGNATURE.** The Clients and the Law Firm have read and agreed to this Agreement. The Law Firm has
answered all of the Client's questions and fully explained the terms of this Agreement to the Client's satisfaction.
The Client/s hereby acknowledges the receipt of a copy of this agreement.

FOR THE FIRM: _____        CLIENT _____ 4/17/02
                                     Young Chul Son

EXHIBIT C

FROM :LAW OFFICES OF YOUNG K. PARK      FAX NO. :215 851 9749      Jul. 15 2002 08:35AM  P2

LAW OFFICES
# YOUNG K. PARK
SUITE 2631
1700 MARKET STREET
PHILADELPHIA, PA 19103

YOUNG K. PARK*
RAJA RAJAN**
JINSUK BYUN*†

*ALSO MEMBER OF NJ BAR
** ALSO MEMBER OF MD & DC BAR
† ALSO MEMBER OF NY BAR

NJ OFFICE
128 NORTH BROADWAY
SUITE 329
CAMDEN, NJ 08102

(856) 365-3889

(215) 851-9740
FAX (215) 851-9749

**Please Reply to Philadelphia Office**

Brownstein and Vitale, PC
Gary Brownstein, Esquire
1308 Spruce Street
Philadelphia, PA 19107

Re:  Your file: Son v. Bernard

Dear Mr. Brownstein:

I, Young Chul Son, hereby authorize and release you from the attorney client privilege to fully speak with attorney Young K. Park and Raja Rajan on the matter of my case with you.  Mr. Park's office is helping me fully understand the current status of may case.  Thank you.

Young C. Son

Young Chul Son

Date:  7/17/02

**EXHIBIT  D**

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

YOUNG SON, ADM. OF THE ESTATE OF     :     NO. 91-02009
MYUNG SUN SON, Deceased

      vs.                 :

JACK M. BERNARD               :

## O R D E R

AND NOW, this 7th day of March, 2003, upon consideration of the amended petition for approval of wrongful death and survival action claims, the proposed settlement having a gross value of $50,000.00 is hereby approved, to be distributed and allocated as follows:

TO:    Brownstein and Vitale, P.C. - reimburse costs       $1,120.19

TO:    Brownstein and Vitale, P.C. - fee               16,293.27

The balance of $32,586.54 is allocated entirely to the wrongful death action and is distributable as follows:

TO:    Young Son, adult son                    $13,034.61

TO:    Tae Soon son, adult daughter           6,517.31

TO:    Young Soon Son, adult daughter        6,517.31

TO:    Young Jun Son, adult son              <u>6,517.31</u>
                                               $50,000.00

Young Son, administrator, is ORDERED and DIRECTED to file a copy of this Order with the Register of Wills of Philadelphia County within thirty days pursuant to 20 Pa.C.S.A. §3323(b)(3).

2016-21973-0000   9 2 2016 12:18 PM   = 109-11279
Complaint Civil Action
Rcpt=2016-102-01732  Fee:$270.00  Exhibit E
Mark Levy - MontCo Prothonotary

BY THE COURT:

_____ J.

**EXHIBITION E**



**CITY OF PHILADELPHIA**

**Police Department**
HEADQUARTERS, FRANKLIN SQUARE
PHILADELPHIA, PENNSYLVANIA

Charles H. Ramsey
Commissioner

To Whom it may concern

According to the City Of Philadelphia's Police Records Retention Schedule, the retention on Incident Reports is ten years and the retention on Investigative reports, five years. These records have been disposed of. The exception to this retention time is homicide and special victim's cases.

If any further assistance is needed, contact the Police reports control unit at (215) 686-1292.

For the Police Commissioner:

Sincerely

*Cpl Cunningham #8207*
*For*   Robert Cesare
Lieutenant    #140
Commanding Officer
Reports Control Unit

RC/AM



✱ Homicide and special Victim
   from SEPTA Bus on the
                          2/4/87
                EXHIBIT F

✱ Administrative the estate of
   Myung Sun Son (Mother of Yong chul, Son)

✱ Administer : Yong chul Son

**SON YONG**
# 5/4/2010

2nd Floor, CITY HALL

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY


Plaintiff,

Yong Chul Son, Pro se

CIVIL ACTION

VS.                                    Docket No.: 2:17-CV-01641-CCC-SCM


Defendants,

City of Philadelphia, PA                                    **AFFIDAVIT**

(For Pamela E. Thurmond, Esq.)

SEPTA Transportation (For Joshua D. Groff, Esq.)

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

(For Robert J. Krandel, Esq., Lydia Hilliard, Esq.)


Yong Chul Son, being full of age, deposes and says,

1. I am the Plaintiff in the above matter.
2. I then set forth sworn statements in number form.
   1) Name Card for Philadelphia Police Officer Priscilla Andrews #2987 (Accident Investigation Division).
3. And I hereby submit (1) Affidavit Statements.


I swear under oath that above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment.


I declare under penalty of perjury that the foregoing is true and correct.


Subscribed and sworn to before me              Signature: _____
On this _13_____ day of _Sept 2021_                        Yong Chul Son, Plaintiff
                                               Address:     50 Delia Blvd., FL-2
                                                            Palisades Park, NJ 07650
**Min-Jung Kim**                               Phone:       (201) 294-7122
Notary Public
State of New Jersey
My Commission Expires Jan 24, 2024
No. 2 3 1 0 6 9 8

Name Card received on February 4, 1987

from Philadelphia Police Officer

Priscilla Andrews # 2987



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Plaintiff,

Yong Chul Son, Pro se

CIVIL ACTION

VS.                                                   Docket No.: 2:17-CV-01641-CCC-SCM

Defendants,

City of Philadelphia, PA                              **AFFIRMATION OF SERVICE**

SEPTA Transportation, PA

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

I hereby certify that the [Motion for Reconsideration or Re-argument] was served upon the below listed parties by First Class Mail.

Joshua D. Groff, Esq.                                Pamela Elchert Thurmond, Esq.

(Attorney for SEPTA Transportation)                  (City of Philadelphia Law Dept.)

215 S. Broad Street, Ste. 500                        1401 J.F.K. Blvd., Room 580

Philadelphia, PA 19107                               Philadelphia, PA 19102


Robert J. Krandel, Esq., Lydia Hilliard, Esq.        Gary Brownstein, Esq.

(Attorney for Court of Common Pleas                  Two Penn Center Plaza

of Montgomery County, PA)                            1500 John F. Kennedy Blvd, Ste. 1020

Supreme Court of Pennsylvania                        Philadelphia, PA 19102

1515 Market Street, Ste. 1414

Philadelphia, PA 19102                               Meghan Shannon, Esq. (Attorney for SEPTA)

                                                     1801 Market Street, Ste. 2300

                                                     Philadelphia, PA 190103


I swear under oath that above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Sept 13, 2021              Signature: _____
        Palisades Park                        Yong Chul Son, Plaintiff, Pro-se
        Bergen County, NJ          Address:   50 Delia Blvd., FL-2
                                              Palisades Park, NJ 07650
                                   Phone:     (201) 294-7122



Supreme Court of Pennsylvania
ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326
www.pacourts.us

October 18, 2021

**VIA ECF AND MAIL**
The Honorable Claire C. Cecchi
U.S. District Judge for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

      **Re:**   **Son v. City of Philadelphia**
              **2:17-cv-01641-CCC-MF**

Dear Judge Cecchi:

      Presently before your Honor is a Motion for Reconsideration (Docket Number 72) filed by pro se Plaintiff Yong Chul Son. The motion date is set for November 1, 2021. Please accept this letter brief as a response of all Defendants to the Motion. We do not request oral argument.

      The position of all Defendants is that this Court must deny the Motion. On August 27, 2021 this Court granted Defendants' Motions to dismiss Plaintiff's Third Amended Complaint. Plaintiff does not set forth any new facts or changes in law to support the Motion for Reconsideration of that Order.[1]

---

[1] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to consider newly discovered evidence." <u>Max's Seafood Café by Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999), citing <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

**EXHIBIT  T**

*10/18/2021*

This Court should dismiss Plaintiff's Motion for Reconsideration with prejudice.

Very truly yours,

**/s/Robert Krandel**

ROBERT J. KRANDEL
Legal Counsel to the Court
Administrator of Pennsylvania

RJK:lh

Cc:    Yong Chul, *Plaintiff*
       Pamela Elchert Thurmond, Esquire
       Joshua D. Groff, Esquire
       Megan Keefe Shannon, Esquire
       Gary Brownstein, Esquire

---

Thus, a court may amend or alter a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id., citing North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONG CHUL SON, | Civil Action No.: 2:17-cv-1641 |
| Plaintiff, | |
| v. | **Order** |
| CITY OF PHILADELPHIA *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

Before the Court are three motions brought by Plaintiff Yong Chul Son ("Plaintiff"): 1) Plaintiff's motion for reconsideration (ECF Nos. 71, 72) of this Court's August 27, 2021 order dismissing Plaintiff's action with prejudice (ECF No. 70), pursuant to Local Rule of Civil Procedure 7.1; 2) Plaintiff's motion for a temporary restraining order, pursuant to Federal Rule of Civil Procedure 65 (ECF No. 74); and 3) Plaintiff's motion for arbitration (ECF No. 78). Defendants the City of Philadelphia, Southeastern Pennsylvania Transportation Authority, Gary Brownstein, Esq., and the Court of Common Pleas of Montgomery County, Pennsylvania (collectively, the "Defendants") opposed all of Plaintiff's motions. ECF Nos. 73, 77, 79. Plaintiff has not replied[1]; and

**WHEREAS** beginning with Plaintiff's motion for reconsideration (ECF No. 72),"reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present

---

[1] As the Court writes only for the parties, it assumes familiarity with the underlying record.

**EXHIBIT U**

*Recd. 4/28/2022*

evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); and

**WHEREAS** the Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed" *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); and

**WHEREAS** Plaintiff's motion includes a recitation of facts related to the incident at issue involving the death of Plaintiff's mother, and argues that, due to the malpractice of Defendants Gary Brownstein and Jack Bernard, the applicable statutes of limitations do not bar his claims. (ECF No. 72 at 1–2). However, Plaintiff does not identify any changes in controlling law, new evidence previously unavailable that could change the Court's decision, or errors made by the Court in its August 2021 order that, if not corrected, would result in manifest injustice. *See Pegaso Dev. Corp. v. iOra Acquisition Enters. LLC*, No. 21-cv-3171, 2021 WL 5745175, at *1 (D.N.J. Dec. 2, 2021); and

**WHEREAS** as Plaintiff has not offered a proper ground to justify reconsideration of the Court's previous order, Plaintiff's motion for reconsideration is denied. *See Banxcorp v. Bankrate, Inc.*, No. 07-3398, 2020 WL 2786925, at *4 (D.N.J. May 29, 2020) (denying a motion for reconsideration where the plaintiff failed "to point to any change in controlling law, new evidence not available previously that alters the Court's prior decision, or a clear error of fact or law that must be addressed to avoid manifest injustice"); and

**WHEREAS** turning next to Plaintiff's motion for a temporary restraining order (ECF No. 77), a court may grant a temporary restraining order pursuant to Fed. R. Civ. P. 65. A temporary restraining order is a form of injunctive relief, *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 159 (3d Cir. 2020), and "an extraordinary remedy . . . which should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). To establish that he is entitled to injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The party seeking a temporary restraining order bears the burden of showing that all four factors weigh in favor of awarding such preliminary relief. *Perry v. Plousis et al.*, No. 18-cv-11224, 2018 WL 3339528, at *1 (D.N.J. July 2, 2018) (citation omitted); and

**WHEREAS** Plaintiff has failed to meet his burden to demonstrate that he is entitled to a temporary restraining order. Plaintiff's application, in its entirety, states "IT IS intended to last only a short time until a hearing can be held. Rule 65 of the Federal Rules of Civil Procedure. This Court should grant Plaintiff's Motion for Reconsideration or Reargument without prejudice." ECF

3

No. 74 at 1. As such, Plaintiff's submission consists of conclusory statements, and is devoid of any facts or assertions related to the elements Plaintiff must establish to receive preliminary relief. Thus, Plaintiff's motion for a temporary restraining order must be denied. *Jones v. Ocean Cnty. Div. of Child Protection & Permanency*, No. 18-cv-11528, 2019 WL 142147, at *2 (D.N.J. Jan. 9, 2019) (finding that "conclusory statements alone are insufficient" to award injunctive relief); and

**WHEREAS** the Court acknowledges that Plaintiff has filed what he titles a "motion for arbitration." ECF No. 78. Plaintiff's submission offers no legal basis to support his request to arbitrate this dispute. Rather, it appears that Plaintiff's submission serves to notify the Court that Plaintiff is providing relevant documents to Defendant the City of Philadelphia's recently appointed counsel. *Id.* at 1–2. Regardless of its purpose, Plaintiff's motion for arbitration does not alter the Court's decisions discussed herein regarding Plaintiff's motions for reconsideration and a temporary restraining order. Plaintiff's motion for arbitration is denied. *See Tri-State Motorplex, LTD, Inc. v. Apex Mortgage Corp.*, No. 19-cv-16256, 2021 WL 843228, at *2 (D.N.J. Mar. 5, 2021) (denying motion where moving party "provides no legal authority in support of its argument") (footnote omitted).

Accordingly, **IT IS** on this 26th day of April, 2022;

**ORDERED** that Plaintiff's motions for reconsideration (ECF Nos. 71, 72), a temporary restraining order (ECF No. 74), and for arbitration (ECF No. 78) are **DENIED**.

**SO ORDERED**.

s/ Claire C. Cecchi
_____
**CLAIRE C. CECCHI, U.S.D.J.**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Plaintiff,

Yong Chul Son, Pro se

CIVIL ACTION

VS.                                                          Docket No.: 2:17-CV-01641-CCC-MF

Defendants,

City of Philadelphia, PA                                **A Motion for Written Deposition**

(For Bailey E. Axe, Esq.)

SEPTA Transportation (For Joshua D. Groff, Esq.)

Megan K. Shannon, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

(For Robert J. Krandel, Esq., Lydia Hilliard, Esq.)


[Memorandum of Basis in Law]

    Appearing the legal authority in support of underlying a precedent rule, before defendants Southern Pennsylvania Transportation Authority ("SEPTA"), the City of Philadelphia, Gary Brownstein, Esq., and the Court of Common Please of Montgomery County, Pennsylvania (collectively the "Defendants"), hereby submit this defendant's consolidated response to Plaintiff's motion for reconsideration [ECFNos.71.72] Motion for a temporary restraining order [ECF No.74] and for Arbitration [ECF No.78] are denied.

    The documents requested contain a deposition as well as the DATE: 02/04/1987 TIME: 16:00 PLACE: Bet. Winton Street and Jackson Street on 8ᵗʰ Street, City of Philadelphia, PA and manner for their production.                                                                   5/23/2022

**EXHIBITION   V**

Plaintiff may request production of tangible items such as name card of City of Philadelphia police accident investigator, Priscilla Andrews, Badge No. 2987, date of produce 02/04/1987 under Fed. R. 34 of civil procedure. Plaintiff in order to prevail on a motion for reconsideration must set [deponent] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. Pursuant to Local Rule of civil procedure 7.1(i).

The deponent is entitled to state objections to the qualification of the officer taking the deposition, objections at the deposition under Fed. R. 30(c) of civil procedure.

**THERE FOR**, Defendant's consolidated response Act must be denied.

This court plaintiff's motion for reconsideration [ECF No.72] and motion for written deposition shall be granted without prejudice.

I declare under penalty of perjury that the foregoing is true and correct.
*Attachment [Affidavit]

Dated: May 23, 2022
      Palisades Park
      Bergen County, NJ

Signature: _____
              Yong Chul Son, Plaintiff
Address:   50 Delia Blvd., FL-2
              Palisades Park, NJ 07650
Phone:    (201) 294-7122

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY


<u>Plaintiff,</u>

Yong Chul Son, Pro se

CIVIL ACTION

VS.                                                    Docket No.: 2:17-CV-01641-CCC-MF


<u>Defendants,</u>

City of Philadelphia, PA                              **AFFIDAVIT**

Baily E. Axe, Esq.

SEPTA Transportation (For Joshua D. Groff, Esq.)

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

(For Robert J. Krandel, Esq., Lydia Hilliard, Esq.)


Yong Chul Son, being full of age, deposes and says,

1. I am the Plaintiff in the above matter.
2. I then set forth sworn statements in number form.
   1) Name Card for Philadelphia Police Officer Priscilla Andrews #2987 (Accident Investigation Division).
      Date of produce 02/04/1987.
3. And I hereby submit (1) Affidavit Statement.


I swear under oath that above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment.


I declare under penalty of perjury that the foregoing is true and correct.


Subscribed and sworn to before me                    Signature: _____
On this ___23___ day of __May__  __2022__                        Yong Chul Son, Plaintiff
                                                     Address:   50 Delia Blvd., FL-2
                                                                Palisades Park, NJ 07650
                                                     Phone:     (201) 294-7122

**Min-Jung Kim**
Notary Public
State of New Jersey
My Commission Expires Jan 24, 2024
No. 2 3 1 0 6 9 8

Name Card received on February 4, 1987

from Philadelphia Police Officer

Priscilla Andrews # 2987



UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Plaintiff,

Yong Chul Son, Pro se

CIVIL ACTION

Docket No.: 2:17-CV-01641-CCC-MF

VS.

Defendants,

**AFFIRMATION OF SERVICE**

City of Philadelphia, PA

SEPTA Transportation, PA

Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

I hereby affirm that the [Motion for Written Deposition] was served upon the below listed parties by First Class Mail.

Joshua D. Groff, Esq.

(Attorney for SEPTA Transportation)

215 S. Broad Street, Ste. 500

Philadelphia, PA 19107

Baily E. Axe, Esq.

(City of Philadelphia Law Dept.)

1515 Arch Street, 14th Floor

Philadelphia, PA 19102

Robert J. Krandel, Esq., Lydia Hilliard, Esq.

(Attorney for Court of Common Pleas

of Montgomery County, PA)

Supreme Court of Pennsylvania

Administrative Office

1515 Market Street, Ste. 1414

Philadelphia, PA 19102

Gary Brownstein, Esq.

Two Penn Center Plaza

1500 John F. Kennedy Blvd, Ste. 1020

Philadelphia, PA 19102

Meghan Shannon, Esq. (Attorney for SEPTA)

1801 Market Street, Ste. 2300

Philadelphia, PA 190103

I swear under oath that above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   May 23, 2022         Signature: _____
         Palisades Park                        Yong Chul Son, Plaintiff, Pro-se
         Bergen County, NJ      Address:  50 Delia Blvd., FL-2
                                          Palisades Park, NJ 07650
                               Phone:    (201) 294-7122

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

*YONG CHUL SON*                                            :

                             :         CIVIL ACTION

                 *Plaintiff*    :

                             :         NO.  17-cv-1641 (CCC-MF)

      v.                          :

                             :

*CITY OF PHILADELPHIA et al.*    :

                             :

              *Defendants*    :

---

## DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION FOR WRITTEN DEPOSITION [ECF 83]

Defendants Southeastern Pennsylvania Transportation Authority

("SEPTA"), the City of Philadelphia, Gary Brownstein, and Montgomery County

Court of Common Pleas (collectively "Defendants") hereby submit this

consolidated response to Plaintiff's Motion for Written Deposition.  [ECF 83].  For

the below reasons, the Motion must be denied.

On August 27, 2021, this Court granted, with prejudice, Defendants' Motion

to Dismiss Plaintiff's Third Amended Complaint.  [ECF 70].  This Court

previously allowed Plaintiff several opportunities to replead in a manner that

would allow this Court to take jurisdiction over Plaintiff's claims.  [ECF 63, ECF

6/8/2022

1

**EXHIBITION  W**

40, and ECF 58].  Plaintiff failed to do so.  Consequently, the Court dismissed Plaintiff's claims with prejudice.  [ECF 70].

Plaintiff now moves this Court for "written deposition."  There is no basis in law or fact for this Court to grant such relief given that Plaintiff's underlying case was dismissed with prejudice.  Consequently, this Court must deny Plaintiff's motion for written deposition and enter the Defendants' Proposed Order.

Respectfully submitted,

**/s/ Robert J. Krandel**
ROBERT J. KRANDEL
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
***Attorney for Defendant, the Court of***
***Common Pleas of Montgomery County***


Megan K. Shannon
Offit Kurman, P.C.
1801 Market Street, Ste 2300
Philadelphia, PA 19103
mshannon@offitkurman.com
(267) 338-1328; fax: (267) 338-1335
*Attorneys for Defendant Southeastern*
*Pennsylvania Transportation Authority*

**/s/ *Bailey E. Axe***
Bailey E. Axe
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone); 215-683-5397 (fax)
bailey.axe@phila.gov
***Attorney for Defendant, City of***
***Philadelphia***

**/s/ Gary Brownstein**
Gary Brownstein
1500 JFK Boulevard Suite 1020
Philadelphia, PA 19102
garybrownstein@bvwlawyers.com
(215) 751-1600, Fax: (215) 751-1660
***Attorney for Defendant***

**Dated:**      **June 8, 2022**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| *YONG CHUL SON* | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO.  17-cv-1641 (CCC-MF) |
| v. | : | |
| | : | |
| *CITY OF PHILADELPHIA et al.* | : | |
| | : | |
| *Defendants* | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on June 8, 2022, he personally

caused to be served upon the following a true and correct copy of the foregoing

*Defendants' Consolidated Response to Plaintiff's Motion for Written Deposition,*

via CM/ECF and first class, postage pre-paid, U.S. mail to:


Yong Chul Son
50 Delvia Boulevard,  2nd Floor
Palisades Park, NJ  07650
*Pro Se Plaintiff*



Respectfully submitted,

**/s/ Robert J. Krandel**
ROBERT J. KRANDEL

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Plaintiff,

Yong Chul Son, Pro se

                                        CIVIL ACTION

VS.                                     Docket No.: 2:17-CV-01641-CCC-MF

Defendants,

City of Philadelphia, PA                **Interlocutory an Appeal**

(For Pamela E. Thurmond, Esq.)

SEPTA Transportation (For Joshua D. Groff, Esq.)

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

(For Robert J. Krandel, Esq., Lydia Hilliard, Esq.)


Interlocutory an appeal a non-final decision while the case is ongoing such appeals normally are not permitted. Such as the denial of a motion for a preliminary injunctive relief 28 U.S.C. § 1292(a)(1). Plaintiff requests to District Court Judge the Interrogatories of Jack Bernard, Esq. and Gary Brownstein, Esq. and the defendant's city of Philadelphia police officer Priscilla Andrews (#2987) accident investigator for homicides, at the start of discovery under local rule 33.3 following the interrogatories.

Plaintiff asks the Judge to consider changing a prior order based on clerical mistake of this motion for relief from order under Rule 60(b).
The Judge Claire C. Cecchi may grant relief from a Judgment for [Newly discovered evidence] as of right from the final Judgment.
Material is relevant to a claim if it is reasonably likely to have led to the discovery of admissible evidence. Federal Rule of civil procedure 26(b)(1).
Defendant city of Philadelphia police accident investigator accident report should be preserved for evidence, violation of civil right statute 42 U.S.C. § 1983.

**EXHIBIT  X**
1 of 3

First, Plaintiff states that, Son's mother was a Pediatrician in Korea visiting U.S. and lived with her son, Plaintiff in 1986. During her visit she spent about 10,000 US dollars and she was going to return to Korea and take care of the remaining 90,000 US dollars and then visit U.S. with that money to retire. Instead of enjoying her retirement she was killed instantly by Septa Bus Transportation accident on 02/04/1987.

Second, Plaintiff states year of 1987 Jack Bernard, Esq. said Septa Bus Transportation had one million dollars insurance and the drugged driver's fault was certain that it was gross negligence. Bernard assured compensation and plaintiff trusted Bernard's profession as lawyer and entered the oral agreement. [As general insurance rule, commercial insurance value is maximum one million dollars from a motor vehicle coverage].

Third, plaintiff states that, Gary Brownstein, Esq. promised $500,000 settlement in 2003.However, just a few days later Brownstein unilaterally settled with Montgomery County court of common pleas a willful false charge and settled at $50,000, and deducted his fees and gave plaintiff cannot approve the distribution of estate made to siblings. In 2016, complaint and illegal money $32,586.54 were receipted at U.S. District Court Eastern Pennsylvania.

Fourth, plaintiff states that, Diversity Jurisdiction, 28 U.S.C. § 1332(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and cost.

Magistrate Judge are judicial officers where authorized pursuant to 28 U.S.C. § 636 to conduct any and all proceedings in civil case including a jury or nonjury trial and to order the entry of a final Judgment. For general pretrial purposes that means all pretrial issues regarding scheduling request for extensions of time. Discovery proceeding and disputes the schedule for the filing a motion and settlement all should be addressed.

[On 10/2/2019 4:15 P.M.] Magistrate Judge Steve Mannion U.S.M.J. called plaintiff for a scheduled TELEPHONE CONFERENCE. At 4:15 P.M plaintiff picked up the phone and said "hello?" but no one said anything. Plaintiff thought it was a confirmation call to check if it really plaintiff answering the phone. In despite of his effort filing 2nd, 3rd and amend motions they were denied every time, which plaintiff was curious to find out. Court clerk showed docket file and found out the seriousness of plaintiff's motion to open discovery.

The unanswerable telephone conference of Magistrate Judge Mannion U.S.M.J. was informal motion and the reason plaintiff's open discovery was denied is that contents were contrary to facts as they were missing. The key point: It must be opened as Formal Motion for the plaintiff's discovery motion to be opened. Because Magistrate Judges have assumed that I was the criminal and defendant of the case I was imposed and Telephone Conference was scheduled.

**Further** information regarding must be objection to Magistrate Judge Mannion's Report + Recommendation process may be found in Rule 72 of the Federal Rule of Civil Procedure 28 U.S.C.§ 636(b)(1)(c).

Therefore, I petition for The Amendments without prejudice at the discretion of the judge for the normal and ideal judicial resolution of the district court even at this time.

In addition, I'd like to sincerely apologize for delays in my response due to severe illness which caused confusion and difficulties.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: Feb 02, 2023                       Signature: _____
       Leonia                                        Yong Chul Son, Plaintiff, Pro-se
       Bergen County, NJ                  Address:   6 Maples Street
                                                     Leonia, NJ 07605-2307
                                          Phone:     (201) 294-7122

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<u>Plaintiff,</u>

Yong Chul Son, Pro se

VS.

CIVIL ACTION

Docket No.: 2:17-CV-01641-CCC-SCM

<u>Defendants,</u>

City of Philadelphia, PA

SEPTA Transportation, PA

**AFFIDAVIT**

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

Yong Chul Son, being full of age, deposes and says,

1. I am the Plaintiff in the above matter.

2. I then set forth sworn statements in number form.

   1) Name card received on February 4, 1987, from Philadelphia Police Officer Priscilla Andrews (#2987).

   2) On Oct 2, 2019, denied file from Magistrate Judge Steve Mannion.

   3) And I hereby submit [2] Affidavit Statements.

I swear under oath that above information is true and correct. I am aware that if any foregoing statements made by me are willfully false, I am subject to punishment.

I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me
On this ___ day of _____ _____

Min-Jung Kim
Notary Public
State of New Jersey
My Commission Expires Jan 24, 2024
No. #5 1 0 8 8 8

Signature: _____
Yong Chul Son, Plaintiff

Address: 6 Maple Street
Leonia, NJ 07605-2307

Phone: (201) 294-7122

Name Card received on February 4, 1987

from Philadelphia Police Officer

Priscilla Andrews # 2987



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONG CHUL SON | Civil Action |
| Plaintiff, | 2:17-cv-01641-CCC-SCM |
| v. | **ORDER** |
| CITY OF PHILADELPHIA, PA, et al | **D.E. 48** |
| Defendants. | |

For the reasons set forth today on the record,

**IT IS** on this Wednesday, October 02, 2019,

1. **ORDERED**, that Plaintiff's Son's informal motion to open discovery is **DENIED**

    **without prejudice;** and it is further

2. **ORDERED**, that the Clerk of the Court shall provide a copy of this Order to the

    Plaintiff.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/2/2019 5:03:50 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File

YONG CHUL SON
50 DELIA BLVD.
Second Floor
PALISADES PARK, NJ 07650

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

<u>Plaintiff,</u>

Yong Chul Son, Pro se

VS.

<u>Defendants,</u>

City of Philadelphia, PA

SEPTA Transportation, PA

Jack M. Bernard, Esq, Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

CIVIL ACTION

Docket No.: 2:17-CV-01641-CCC-MF

**AFFIRMATION OF SERVICE**

I hereby affirm that the [Interlocutory an appeal] was served upon the below listed parties by First Class Mail.

Joshua D. Groff, Esq.

(Attorney for SEPTA Transportation)

215 S. Broad Street, Ste. 500

Philadelphia, PA 19107

Robert J. Krandel, Esq., Lydia Hilliard, Esq.

(Attorney for Court of Common Pleas

of Montgomery County, PA)

Supreme Court of Pennsylvania

1515 Market Street, Ste. 1414

Philadelphia, PA 19102

Baily E. Axe, Esq.

(City of Philadelphia Law Dept.)

1515 Arch Street, 14th Floor

Philadelphia, PA 19102

Gary Brownstein, Esq.

Two Penn Center Plaza

1500 John F. Kennedy Blvd, Ste. 1020

Philadelphia, PA 19102

Meghan Shannon, Esq. (Attorney for SEPTA)

1801 Market Street, Ste. 2300

Philadelphia, PA 190103

I swear under oath that above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   Feb 02, 2023
         Leonia
         Bergen County, NJ

Signature: _____

Yong Chul Son, Plaintiff, Pro-se

Address:   6 Maples Street
           Leonia, NJ 07605-2307

Phone:     (201) 294-7122

## Quality Control Events

2:17-cv-01641-CCC-JSA SON v.
CITY OF PHILADELPHIA, PA et al
**CASE CLOSED on 11/23/2020**

CLOSED,PROSE,RULE16,SCHEDO

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 3/10/2023 at 3:26 PM EST and filed on 3/10/2023
**Case Name:**          SON v. CITY OF PHILADELPHIA, PA et al
**Case Number:**        2:17-cv-01641-CCC-JSA
**Filer:**
**WARNING: CASE CLOSED on 11/23/2020**
**Document Number:** No document attached

**Docket Text:**
**CLERK'S QUALITY CONTROL MESSAGE - GARY BROWNSTEIN does not have a correct e-mail address listed with the court and is not receiving his/her notices of electronic filing in this case. Pursuant to local rule 10.1 and court procedures, counsel and unrepresented parties are required to notify the court of any mailing or e-mail address changes. The court has deleted the invalid e-mail address. Attorneys should review the ECF link on our web site for information on maintaining your account and unrepresented parties, or those attorneys without access to maintaining their account, should notice the Clerk. (jml, )**

**2:17-cv-01641-CCC-JSA Notice has been electronically mailed to:**

BAILEY ELIZABETH AXE     bailey.axe@phila.gov, Anne.Taylor@Phila.gov

JOSHUA D. GROFF     jgroff@gsglawfirm.com

MEGAN KEEFE SHANNON     mshannon@mccarter.com

ROBERT J. KRANDEL     legaldepartment@pacourts.us

**2:17-cv-01641-CCC-JSA Notice has been sent by regular U.S. Mail:**

GARY BROWNSTEIN
BROWNSTEIN, VITALE & WEISS
601 LONGWOOD AVENUE
AT STATE HIGHWAY 38
CHERRY HILL, NJ 08002

YONG CHUL SON
144-65 BARCLAY AVENUE
FLUSHING, NY 11355                          **EXHIBIT   Y**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Plaintiff,

Yong Chul Son, Pro se

CRIMINAL ACTION

VS.

Defendants,

City of Philadelphia, PA

**AFFIRMATION OF SERVICE**

SEPTA Transportation, PA

Gary Brownstein, Esq.

Court of Common Pleas of Montgomery County, PA

I hereby affirm that the [Complaint] was served upon the below listed parties by First Class Mail.

Joshua D. Groff, Esq.

(Attorney for SEPTA Transportation)

215 S. Broad Street, Ste. 500

Philadelphia, PA 19107

Baily Elizabeth Axe, Esq.

(City of Philadelphia Law Dept.)

1515 Arch Street, 14th FL

Philadelphia, PA 19102

Robert J. Krandel, Esq.

(Attorney for Court of Common Pleas

of Montgomery County, PA)

Supreme Court of Pennsylvania

1515 Market Street, Ste. 1414

Philadelphia, PA 19102

Gary Brownstein, Esq.

601 Longwood Ave

At State Highway 38

Cherry Hill, NJ 08002

Meghan Shannon, Esq. (Attorney for SEPTA)

1801 Market Street, Ste. 2300

Philadelphia, PA 19103

I swear under oath that the above information is true and correct. I am aware that if any foregoing statement made by me are willfully false, I am subject to punishment. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oct 30, 2023

Signature: _____

Yong Chul Son, Plaintiff, Pro-se

Address:   14465 Barclay Ave, 3rd FL

Flushing, NY 11355

Phone:     (718) 974-4658